522 So.2d 830 (1988)
STATE of Florida, Petitioner,
v.
Bruce Alan VanKOOTEN, Respondent.
No. 71170.
Supreme Court of Florida.
March 31, 1988.
Robert A. Butterworth, Atty. Gen. and Sean Daly, Asst. Atty. Gen., Daytona Beach, for petitioner.
James B. Gibson, Public Defender and James R. Wulchak, Chief, Appellate Div., Asst. Public Defender, Seventh Judicial Circuit, Daytona Beach, for respondent.
OVERTON, Justice.
This is a petition to review VanKooten v. State, 512 So.2d 214 (Fla. 5th DCA 1987), which held that when the presumptive guideline sentence directs community control *831 or incarceration, the imposition of both represents a departure from the sentencing guidelines, requiring proper written reasons for the departure. In so holding, the court relied on its decision in Hankey v. State, 505 So.2d 701 (Fla. 5th DCA 1987), and certified conflict with the Second District Court of Appeal's decision in Francis v. State, 487 So.2d 348 (Fla. 2d DCA 1986). We have jurisdiction, article V, section 3(b)(4), Florida Constitution, and approve VanKooten and Hankey and disapprove the Second District's decision in Francis.
In Francis, the district court recognized that its holding converted "the applicable range to `community control and 12 to 30 months' incarceration,'" explaining that "the use of the word `or' in this cell was not intended to make the alternatives mutually exclusive but rather was designed to permit the imposition of either or both sanctions." 487 So.2d at 349 (emphasis in original). We disagree. The guideline clearly states that the appropriate sentence was community control or incarceration. Any change in that presumptive guideline must occur through appropriate legislative and court rule action, rather than by judicial construction.
Accordingly, we approve the instant case and the Fifth District's decision in Hankey, and disapprove the Second District's decision in Francis.
It is so ordered.
McDONALD, C.J., and EHRLICH, SHAW, BARKETT and KOGAN, JJ., concur.