596 So.2d 1209 (1992)
Jacqueline R. COLLINS, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1774.
District Court of Appeal of Florida, First District.
April 8, 1992.
Nancy A. Daniels, Public Defender, and Nada M. Carey, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Amelia L. Beisner, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Chief Judge.
Appellant seeks review of the sentences imposed upon her convictions for violation of community control and possession of cocaine with intent to distribute. Specifically, appellant contends the sentencing plan is illegal, because the total of the combined sentences exceeds the maximum permitted sentence under the guidelines. The state agrees that remand for resentencing is required. We reverse.
In 1989, appellant was placed on probation for five years for sale of marijuana to an undercover police officer. In July 1990, she violated probation, and was placed on two years community control, to be followed by the balance of her probation (approximately four years). In November 1990, appellant was charged with a new offense  possession of cocaine with intent to distribute. In February 1991, she pled no contest to violation of the community control imposed in connection with the 1989 *1210 case, and to possession of cocaine in the 1990 case. In May 1991, the 1989 community control was revoked, and appellant was sentenced to 3 1/2 years incarceration, to be followed by the balance of the probation imposed in November 1989. For the 1990 conviction, appellant was placed on two years community control, to be followed by three years probation, the 1990 community control sentence to be served consecutively to the 1989 period of incarceration. The sanctions imposed for the 1989 and 1990 convictions resulted in a total incarcerative/community control sanction of 5 1/2 years.
The sentencing guidelines require the use of one guidelines scoresheet covering all offenses pending before the court for sentencing. Fla.R.Crim.P. 3.701(d)1; Roberson v. State, 555 So.2d 976 (Fla. 1st DCA 1990). A sentence must be imposed for each offense, but the total of the combined sentences cannot exceed the total guideline sentence, unless supported by written departure reasons. Fla.R.Crim.P. 3.701(d)11; Roberson, 555 So.2d at 979. However, after revocation of probation or community control, the trial court may impose sentence in accordance with the original cell, or with the next higher cell, without a written departure reason. Fla. R.Crim.P. 3.701(d)14; Brown v. State, 581 So.2d 936 (Fla. 1st DCA 1991).
In VanKooten v. State, 522 So.2d 830, 831 (Fla. 1988), the supreme court ruled that when so provided by the guidelines cell, either community control or incarceration may be imposed, but not both. Subsequently, in Ewing v. State, 526 So.2d 1029 (Fla. 1st DCA 1988), this court construed the VanKooten proscription as applicable only where the combined sentences exceeded the maximum period of incarceration permitted under the guidelines, reasoning that a departure sentence does not result where the combined sanctions do not exceed the maximum guidelines incarcerative period. Accord Yukanovitz v. State, 547 So.2d 722 (Fla. 1st DCA 1989); Reese v. State, 535 So.2d 676 (Fla. 5th DCA 1988).
The sentencing guidelines scoresheet used in this case contained a total score of sixty-four points, placing appellant in the recommended sentencing range of any nonstate prison sanction. See Fla.R.Crim.P. 3.988(g). The next higher cell carried a recommended sentencing range of community control or 12-30 months incarceration, with a permitted range of "any nonstate prison sanction or community control or 1-3 1/2 years incarceration." Id. Thus, appellant's sentence of incarceration for 3 1/2 years, to be followed by a 2-year community control sentence, exceeds the maximum permitted guidelines sanction.[1]
Accordingly, the sentences are reversed and remanded for resentencing within the sentencing guidelines range.
ZEHMER and KAHN, JJ., concur.
NOTES
[1] The one-cell increase without written reasons for departure authorized by Florida Rule of Criminal Procedure 3.701(d)14, includes the "permitted" as well as the recommended guidelines range. See Brown v. State, 581 So.2d 936, 937 (Fla. 1st DCA 1991).