CAMPBELL, Judge.
Appellant, convicted of the vehicular homicide of a little girl, argues that the court erred in sentencing him. First, he argues that the court improperly departed from the guidelines without giving written reasons; and second, he maintains that the court improperly imposed special terms and conditions of probation without orally announcing them at the sentencing hearing. We disagree with appellant on his first issue and affirm the sentences imposed. We agree with appellant on his second issue and remand with instructions to strike the special liens and conditions of probation at issue.
The first question is whether appellant’s sentence amounts to a departure. Appellant’s scoresheet placed him in the permitted range of community control or one to twelve years incarceration. Appellant argues that the court improperly departed from the guidelines without written reasons when, despite the guidelines’ recommendation of incarceration or community control, the court sentenced him to both incarceration and community control. There are two lines of thought in this area, the first of which is that pressed by appellant.
Under appellant’s preferred approach, when a defendant scores in a permitted range that includes community control or a prison term, the use of the word “or” was intended to make the alternatives mutually exclusive with the result that community control cannot be combined with prison time in any circumstance even if the total time does not exceed the maximum permitted range (the VanKooten rule). State v. VanKooten, 522 So.2d 830 (Fla.1988); Harmon v. State, 599 So.2d 754 (Fla. 4th DCA 1992); Phelps v. State, 583 So.2d 1120 (Fla. 5th DCA 1991).
The second approach holds that the above VanKooten rule applies only where the combined sentences exceed the maximum period of incarceration permitted under the guidelines, reasoning that there is no departure unless the combined sanctions exceed the maximum guidelines incarcera-tive period (the Collins rule). Collins v. *90 State, 596 So.2d 1209 (Fla. 1st DCA 1992); Ewing v. State, 526 So.2d 1029 (Fla. 1st DCA 1988). Appellant was sentenced to eight-and-one-half years in prison followed by one-and-one-half years community control, followed by five years probation, for a total of fifteen years. The maximum sentence permitted by law for vehicular homicide where the defendant fails to stop at the scene, as here, is fifteen years. §§ 775.082, 782.071(2), Fla.Stat. (1991).
Thus, the VanKooten approach would require us to reverse appellant’s sentence since it combines community control and incarceration and is, therefore, an improper departure without written reasons. Under the Collins approach, however, appellant’s sentence would be proper since the total term imposed for incarceration and community control is ten years, which is well within the maximum guidelines incarcera-tive sentence of fifteen years. The five-year probationary term does not change this result since the combined incarcerative and probationary periods do not exceed the maximum term permitted by law. See Comm.Note to Fla.R.Crim.P. 3.701(d)(12).
We are inclined to follow the Collins approach and, accordingly, find that appellant’s sentence is not an improper departure. Our decision in this regard is bolstered by our belief that the Florida Supreme Court in Skeens v. State, 556 So.2d 1113 (Fla.1990), may have overturned the VanKooten rule as follows:
Skeens argues that stacking is improper because the clear legislative intent underlying chapters 921 and 948 is that community control and probation are alternative sentencing dispositions that cannot be imposed in tandem. We disagree. Probation, community control, and incarceration are alternative options that the legislature has made available to meet the broad spectrum of sentencing needs. Each involves different procedures and restrictions. We see no reason why probation and community control cannot be stacked to meet individualized sentencing circumstances. In 1985, this Court amended the committee note following Florida Rule of Criminal Procedure 3.701(d)(13) to provide in part: “It is appropriate to impose a sentence of community control to be followed by a term of probation. The total sanction (community control and probation) shall not exceed the term provided by general law.” The Florida Bar Re: Rules of Criminal Procedure, 482 So.2d 311, 317 (Fla.1985).
556 So.2d at 1113-1114 (emphasis omitted).
Although we believe that this language may have overturned VanKooten, we are not certain. Accordingly, while we affirm the imposition of community control and incarceration under Collins, because the VanKooten rule has not expressly been overruled, we certify to the Florida Supreme Court the following question:
WHERE A DEFENDANT SCORES IN A PERMITTED RANGE OF COMMUNITY CONTROL OR INCARCERATION, MAY THE DEFENDANT BE SENTENCED TO A COMBINATION OF COMMUNITY CONTROL AND INCARCERATION SO LONG AS THE LENGTH OF THE TOTAL COMBINED SENTENCE OF INCARCERATION AND COMMUNITY CONTROL DOES NOT EXCEED THE MAXIMUM GUIDELINES INCARCERATIVE SENTENCE PERMITTED?
Turning to appellant’s second sentencing error, appellant contends that the special conditions of probation related to alcohol consumption were not orally announced at sentencing and must be stricken under Tillman v. State, 592 So.2d 767 (Fla. 2d DCA 1992). The state argues that appellant’s failure to object at the trial level precludes him from challenging these conditions on appeal.
We recently announced that “[s]o long as the oral pronouncement is sufficient to place the defendant on notice of the general substance of each special condition and gives the defendant the opportunity to object, the minimum requirements of due process are satisfied.” Olvey v. State, 609 So.2d 640, 643 (Fla. 2d DCA 1992).
At sentencing, the court here did not mention the special conditions of probation with the result that we must reverse and remand for correction to reflect only those *91 conditions orally pronounced at sentencing or those allowed by statute.
DANAHY, A.C.J., and THREADGILL, J., concur.