630 So.2d 1059 (1994)
STATE of Florida, Petitioner,
v.
Charles A. DAVIS, Respondent.
No. 81870.
Supreme Court of Florida.
January 20, 1994.
Robert A. Butterworth, Atty. Gen., James W. Rogers, Bureau Chief  Crim. Appeals and Sonya Roebuck Horbelt, Asst. Atty. Gen., Tallahassee, for petitioner.
Nancy A. Daniels, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Chief, Appellate Div., Tallahassee, for respondent.
McDONALD, Justice.
We review Davis v. State, 617 So.2d 1139, 1140 (Fla. 1st DCA 1993), in which the district court certified the following question as being of great public importance:
Does a sentencing disposition which includes combined sanctions of county jail incarceration and community control constitute a departure sentence, when the combined periods of incarceration and community control do not exceed the maximum period of incarceration permitted by the guidelines?
Our jurisdiction is predicated on article V, section 3(b)(4), Florida Constitution. We answer the question in the affirmative and approve the decision under review.
Davis' sentencing guidelines scoresheet yielded a total of sixty points with a recommended sentencing range of community control or twelve to thirty months of incarceration. The permitted sanctions for his score ranged from any nonstate prison sanction to three and one-half years' incarceration. The trial court imposed a sentence of one year in county jail, one year of community control to follow the incarceration, and four years' probation after Davis served the year of community control. On appeal the district court held the combination of incarceration and community control to be a departure sentence and that the trial court should have provided written reasons for that departure.
In State v. VanKooten, 522 So.2d 830, 830-31 (Fla. 1988), this Court decided "that when the presumptive guideline sentence directs community control or incarceration, the imposition of both represents a departure from the sentencing guidelines, requiring proper written reasons for the departure." Additionally, in State v. Mestas, 507 So.2d 587 (Fla. 1987), we held that community control is *1060 not a nonstate prison sentence and that community control as a condition of probation is a departure sentence requiring written reasons to support its imposition. In Ewing v. State, 526 So.2d 1029 (Fla. 1st DCA 1988), the district court affirmed a combined sentence of twenty-four months' incarceration followed by six months of community control because the total was less than the permitted sentencing range of twelve to thirty months' incarceration. Similarly, in Tillman v. State, 555 So.2d 940 (Fla. 5th DCA 1990), and Distefano v. State, 526 So.2d 110 (Fla. 1st DCA 1988), the courts held that county jail time coupled with community control did not constitute departure sentences for which written reasons were required. Ewing, Tillman, and Distefano attempted to distinguish VanKooten, but we find that effort unavailing.
Paragraph (d)(8) of the commission notes to Florida Rule of Criminal Procedure 3.701 defines "any nonstate prison sanction" as "any lawful term of probation with or without a period of incarceration as a condition of probation, a county jail term alone, or any nonincarcerative disposition." Paragraph (d)(13) of those same notes, however, states that, although community control can be "a viable alternative for any state prison sentence less than 24 months without requiring a reason for departure," it "is not an alternative sanction from the recommended range of any nonstate prison sanction unless" written reasons are provided for that departure sentence. Thus, nonstate prison sanctions, which include county jail time, community control, and incarceration are disjunctive sentences. Combining any or all of them creates a departure sentence for which written reasons must be given. Therefore, we answer the certified question in the affirmative and approve the district court's decision. We disapprove Ewing, Tillman, and Distefano.
It is so ordered.
BARKETT, C.J., and OVERTON, SHAW, KOGAN and HARDING, JJ., concur.
GRIMES, J., concurs with an opinion.
GRIMES, Justice, concurring.
Davis could have been sentenced to two years in prison, and this sentence would have been within the recommended guidelines range. Therefore, I find it hard to understand why a more lenient sentence of one year in jail followed by one year on community control constitutes a departure sentence. Prompted by this anomaly to certify the question, the court below observed:
Since the sentence imposed was considerably less severe than the state prison sentence authorized by the guidelines, it appears somewhat peculiar to consider the combined sanctions to be a departure.
Davis v. State, 617 So.2d 1139, 1140 (Fla. 1st DCA 1993). I would uphold Davis' sentence if it were not for the clear language of State v. Vankooten, 522 So.2d 830 (Fla. 1988), in which I did not participate.