630 So.2d 1092 (1994)
John D. FELTY, Petitioner,
v.
STATE of Florida, Respondent.
No. 81517.
Supreme Court of Florida.
February 3, 1994.
James Marion Moorman, Public Defender, and Deborah K. Brueckheimer, Asst. Public Defender, Tenth Judicial Circuit, Bartow, for petitioner.
Robert A. Butterworth, Atty. Gen., and David R. Gemmer, Asst. Atty. Gen., Tampa, for respondent.
PER CURIAM.
We review Felty v. State, 616 So.2d 88, 90 (Fla. 2d DCA 1993), in which the court certified the following question as one of great public importance:
WHERE A DEFENDANT SCORES IN A PERMITTED RANGE OF COMMUNITY CONTROL OR INCARCERATION, MAY THE DEFENDANT BE SENTENCED TO A COMBINATION OF COMMUNITY CONTROL AND INCARCERATION SO LONG AS THE LENGTH OF THE TOTAL COMBINED SENTENCE OF INCARCERATION AND COMMUNITY CONTROL DOES NOT EXCEED THE MAXIMUM GUIDELINES INCARCERATIVE SENTENCE PERMITTED?
We have jurisdiction under article V, section 3(b)(4) of the Florida Constitution.
Felty was convicted of vehicular homicide. The guidelines scoresheet placed him in a permitted range of community control or one to twelve years' incarceration. He was sentenced to eight and one-half years in prison to be followed by one and one-half years' community control and five years' probation. On appeal, Felty argued that under the rationale of State v. VanKooten, 522 So.2d 830 (Fla. 1988), he could not be sentenced to both imprisonment and community control in the absence of reasons for departure. The court below rejected Felty's contention and approved his sentence.[1]
In VanKooten, the trial judge imposed a prison sentence of thirty months, followed by two years' community control and ten and one-half years of probation without stating reasons for departure. 512 So.2d 214 (Fla. 5th DCA 1987), approved, 522 So.2d 830 (Fla. 1988). This Court held that the combined sentence was illegal because the presumptive guideline range specified community control or twelve to thirty months' incarceration. VanKooten, 522 So.2d at 831.
The court below construed the VanKooten proscription as applicable only where the combined sentences of imprisonment and *1093 community control exceeded the maximum period of incarceration permitted under the guidelines. Collins v. State, 596 So.2d 1209 (Fla. 1st DCA 1992); Ewing v. State, 526 So.2d 1029 (Fla. 1st DCA 1988). In this case, Felty's combined sentences of imprisonment and community control did not exceed the permitted range of the sentencing guidelines.
While there is no doubt that the length of the combined sentences of imprisonment and community control exceeded the guideline range in VanKooten, this was not the basis upon which the case was decided. In our opinion, we rejected the rationale of Francis v. State, 487 So.2d 348 (Fla. 2d DCA 1986), which held that the use of the word "or" in the guideline provision for "community control or twelve to thirty months['] incarceration" was not intended to make the alternatives mutually exclusive but rather was designed to permit the imposition of either or both sanctions. VanKooten, 522 So.2d at 831. We held that the sentencing guidelines clearly stated that the presumptive sentence was community control or incarceration and that any change must occur through appropriate legislative and court rule action. Id. There is nothing in our opinion which suggests that our holding would have been different if the combined sentences of imprisonment and community control had not exceeded the presumptive range.
We reaffirm our opinion in VanKooten that where the sentencing guidelines specify incarceration or community control, these alternatives are mutually exclusive. We disapprove Collins and Ewing and quash the decision below.[2]
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, KOGAN and HARDING, JJ., concur.
GRIMES, J., concurs in result only with an opinion.
GRIMES, Justice, concurring in result only.
I cannot understand why the guidelines range which specifies incarceration or community control does not give the trial judge the flexibility of combining the two options as long as the total sentence does not exceed the permitted range. In fact, the VanKooten rule has the potential of influencing judges to impose longer prison sentences if they cannot combine shorter ones with periods of community control. I recommend that the necessary steps be taken to amend the guidelines so as to permit combined sentences of incarceration and community control. I concur in the decision in this case only because of the precedent of VanKooten.
NOTES
[1] A special condition of probation was stricken because it was not orally pronounced at sentencing or allowed by statute.
[2] See State v. Davis, 630 So.2d 1059 (Fla. 1994), in which we applied the same rationale to decide a similar, though not identical, issue.