W. SHARP, Judge.
Hearon appeals from his judgment and sentence for unlawful purchase of a controlled substance. He argues that the trial court erred in sentencing him to a combination of incarceration, community control and probation. We agree and reverse his sentence.
Hearon pled guilty to violation of probation, and was sentenced to 364 days imprisonment followed by 20 months community control, followed by 1 year probation. His recommended sentence was 2½ to 3½ years incarceration and his permitted sentence was community control or 1 to 4½ years imprisonment.
In State v. VanKooten, 522 So.2d 830 (Fla.1988), the Florida Supreme Court held that when the applicable sentencing guidelines bracket directs community control or incarceration, the imposition of both represents a departure from the sentencing guidelines and thus requires proper written reasons for the departure. The court rejected the argument that the alternatives were designed to permit the imposition of either or both sanctions. It held alternatives were mutually exclusive. The court has recently reaffirmed its opinion in VanKooten that where the sentencing guidelines specify incarceration or community control, the alternatives are mutually exclusive. Felty v. State, 630 So.2d 1092 (Fla.1994); State v. Davis, 630 So.2d 1059 (Fla.1994).
In this case, Hearon’s score of 88 points (with the bump-up for violation of community control) resulted in a recommended range of 2½ to 3½ years incarceration and a permitted range of community control or 1 to 4½ years incarceration. Thus the imposition of community control and jail time constitutes a departure sentence, requiring written reasons for departure. No written reasons were provided.
Accordingly, we quash the sentence and remand this cause for resentencing pursuant to the guidelines. Felty; Dams; VanKooten. See also Hammond v. State, 626 So.2d 1121 (Fla. 5th DCA 1993) (where the recommended range was 3 to 7 years and the permitted range was community control or 1 to 12 years incarceration, the defendant’s sentence of 364 days incarceration followed by 2 years community control followed by 12 years probation exceeded the guidelines range since it consisted of incarceration and community control).
Conviction AFFIRMED; sentence REVERSED and REMANDED for resentenc-ing.
GRIFFIN and THOMPSON, JJ., concur.