636 So.2d 134 (1994)
Reginell Leetrez GILYARD a/k/a Reginald Leetrez Gilyard, Appellant,
v.
STATE of Florida, Appellee.
Nos. 91-03068, 91-03070, 91-03117 and 91-03119.
District Court of Appeal of Florida, Second District.
April 22, 1994.
James Marion Moorman, Public Defender, and Cynthia J. Dodge, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol M. Dittmar, Asst. Atty. Gen., Tampa, for appellee.
*135 DANAHY, Acting Chief Judge.
In these consolidated appeals we review the sentencing scheme imposed upon the appellant for convictions of possession of cocaine,[1] solicitation to purchase cocaine,[2] strong arm robbery,[3] and two counts of armed robbery.[4] Appellant contends (1) that the sentences for the drug crimes are beyond the statutory maximums for those third-degree felonies and (2) that the sentences imposed for each of the five crimes are illegal under State v. VanKooten, 522 So.2d 830 (Fla. 1988). We agree with the first contention but not the second. Accordingly, we affirm in part and reverse in part.
In Case No. 90-03068 and in Case No. 90-03119, the appellant was convicted of possession of cocaine and solicitation to purchase cocaine respectively. These crimes are third-degree felonies which carry a statutory maximum of five years.[5] For these convictions the trial court imposed concurrent terms of four years' incarceration, followed by one year community control, followed by one year probation, for a total punishment of six years. This is clearly beyond the statutory maximum and cannot stand. State v. Holmes, 360 So.2d 380 (Fla. 1978).
This sentencing scheme, four years' incarceration followed by one year community control followed by one year probation, was repeated for each of the other crimes for which the appellant was convicted. The appellant's guidelines recommended range was 4 1/2 to 5 1/2 years' incarceration and his permitted range was 3 1/2 to 7 years' incarceration. The appellant contends that this sentencing scheme violates the rule in VanKooten. VanKooten requires that when a defendant's recommended guidelines range is incarceration or community control to sentence the defendant to incarceration and community control is a departure for which written reasons must be filed. Since the appellant received both incarceration and community control, he argues each of these sentences is illegal since the trial court filed no written reasons. During the pendency of this appeal our supreme court decided State v. Davis, 630 So.2d 1059 (Fla. 1994), and Felty v. State, 630 So.2d 1092 (Fla. 1994). In these cases the court found it necessary to reaffirm the rule in VanKooten because of the varying interpretations the district courts had given it. See Collins v. State, 596 So.2d 1209 (Fla. 1st DCA 1992), disapproved in State v. Davis, 630 So.2d 1059 (Fla. 1994); and Felty v. State, 616 So.2d 88 (Fla. 2d DCA 1993), quashed, 630 So.2d 1092 (Fla. 1994).
The court noted in Felty that the factor that had caused several of the district courts to stray from strict adherence to the VanKooten rule was a combination of incarceration and community control which did not exceed the permitted range of the guidelines. The court explained, however:
While there is no doubt that the length of the combined sentences of imprisonment and community control exceeded the guideline range in VanKooten, this was not the basis upon which the case was decided. In our opinion, we rejected the rationale of Francis v. State, 487 So.2d 348 (Fla. 2d DCA 1986), which held that the use of the word "or" in the guideline provision for "community control or twelve to thirty months['] incarceration" was not intended to make the alternatives mutually exclusive but rather was designed to permit the imposition of either or both sanctions. VanKooten, 522 So.2d at 831. We held that the sentencing guidelines clearly stated that the presumptive sentence was community control or incarceration and that any change must occur through appropriate legislative and court rule action. Id. There is nothing in our opinion which suggests that our holding would have been different if the combined sentences of imprisonment *136 and community control had not exceeded the presumptive range.
We reaffirm our opinion in VanKooten that where the sentencing guidelines specify incarceration or community control, these alternatives are mutually exclusive.
Felty, 630 So.2d at 1093.
The court's clearly stated rationale, i.e., that when the statute and the rule read "incarceration or community control" they mean or, persuades us that the instant case is distinguishable from VanKooten, Davis, Collins, and Felty. In each of these cases the recommended or permitted guidelines range allowed incarcerative and nonincarcerative sentencing, phrased in the disjunctive.[6] This is what the supreme court found controlling. In Davis, the supreme court interpreted paragraphs (d)(8) and (d)(13) of the commission notes to Florida Rule of Criminal Procedure 3.701 and concluded that the punishment alternatives of nonstate prison sanctions (which include county jail time), community control, and incarceration are disjunctive sentencing alternatives. Combining any or all of them creates a departure sentence for which written reasons must be given. The facts in Felty were practically the same except that the incarceration called for by the guidelines was in state prison, not county jail.
The case before us is different. Neither the appellant's recommended range nor his permitted range was phrased in the disjunctive. His recommended range was 4 1/2 to 5 1/2 years' incarceration and his permitted range was 3 1/2 to 7 years' incarceration. Thus, the limitations on the court's sentencing authority presented by language phrased in the disjunctive, as in VanKooten, Collins, Davis, and Felty, are absent here. Since the sentencing court in the case before us had no VanKooten issue limiting it, it did not err in sentencing the appellant as it did.
In summary, we reverse the sentences for the two third-degree felonies and remand for resentencing within the statutory maximum for those convictions; otherwise the sentences are affirmed. We certify the following question as being one of great public importance:
DOES THE RULE IN State v. VanKooten, 522 So.2d 830 (Fla. 1988), APPLY IN THE SITUATION WHERE THE RANGE DOES NOT PROVIDE SANCTIONS PHRASED IN THE DISJUNCTIVE BUT MERELY PROVIDES FOR A TERM OF YEARS?
BLUE and FULMER, JJ., concur.
NOTES
[1] § 893.13(1)(f), Fla. Stat. (1989) (third degree felony).
[2] §§ 893.13 and 777.04(2), Fla. Stat. (1989) (third degree felony).
[3] § 812.13(1) and (2)(c), Fla. Stat. (1989) (second degree felony).
[4] § 812.12(1) and (2)(a), Fla. Stat. (1989) (first degree felony punishable by life in prison).
[5] § 775.082(3)(d), Fla. Stat. (1989).
[6] In VanKooten, the recommended range was community control or 12 to 30 months' incarceration; there was no permitted range as of the date the crime there was committed. In Collins, the recommended range was any nonstate prison sanction and, because the sentencing was on a violation of probation which allowed the sentencing court to bump-up one cell, that next cell provided for a recommended range of community control or 12 to 30 months' incarceration and a permitted range of any nonstate prison sanction or community control or 1 to 3 1/2 years' incarceration. In Davis, the recommended range was community control or 12 to 30 months' incarceration and the permitted range was any nonstate prison sanction to 3 1/2 years' incarceration. In Felty, the permitted range was community control or 1 to 12 years' incarceration.