636 So.2d 575 (1994)
Aaron Jason DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 93-0992.
District Court of Appeal of Florida, Fourth District.
May 11, 1994.
*576 Richard L. Jorandby, Public Defender, and Robert Friedman, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Michelle A. Konig, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant was sentenced to 22 years in prison upon violating probation on multiple counts. After applying a one cell "bump up," the sentence was the maximum that could be imposed under the present sentencing guidelines. However, the offenses for which Appellant was initially sentenced occurred prior to July 1, 1988, the effective date of the guidelines applied by the trial court.
Upon violating probation, Appellant may not be sentenced to a term that could not have been validly imposed at the time of initial sentencing. Therefore, it was error to impose a sentence that could only have been imposed initially as a departure from the guidelines, without complying with the requirements for departure. See Snyder v. State, 615 So.2d 231 (Fla. 1st DCA 1993); Strickland v. State, 596 So.2d 1155 (Fla. 2d DCA), rev. denied, 602 So.2d 942 (Fla. 1992), cert denied, ___ U.S. ___, 113 S.Ct. 1289, 122 L.Ed.2d 681 (1993). See also State v. Williams, 546 So.2d 809 (Fla. 4th DCA), rev. denied, 553 So.2d 1168 (Fla. 1989).
Appellant's sentence is reversed and remanded for resentencing. As the trial court was not aware that the imposed sentence exceeded the guidelines, a departure sentence may be considered on resentencing. We find no error as to the other issue raised on appeal.
DELL, C.J., and STONE and KLEIN, JJ., concur.