*230
ON MOTION FOR REHEARING

PER CURIAM.
Having affirmed the trial court’s revocation of community control and the sentence it imposed thereafter, notwithstanding both parties’ contentions that we may have overlooked their supplemental briefs in which they agree we are bound by State v. Davis, 630 So.2d 1059 (Fla.1994), and State v. VanKooten, 522 So.2d 830 (Fla.1988), we deny appellant’s motion for rehearing.
Appellant was originally convicted of a lewd and lascivious act upon a child and sentenced to two years community control followed by ten years probation.
The trial court concluded, and we agreed by our Per Curiam Affirmed, that appellant was in willful violation of his community control. In doing so, the trial court noted that it believed appellant was a danger to other young boys in the community, and explained to appellant that the original sentence imposed was designed to provide “the most amount of supervision to make sure that this wouldn’t happen again. But as soon as you got out of jail, you decided you didn’t, at least until you decided you got your life in order, weren’t going to be under any supervision and that’s exactly what I wanted to try and stop from happening by my [original community control] sentence.”
Appellant’s community control and probation were revoked and appellant was sentenced to four years imprisonment to be followed by two years community control and eight years probation. The parties contend that appellant was improperly sentenced to both incarceration and community control. We disagree.
“[W]hen the presumptive guideline sentence directs community control or incarceration, the imposition of both represents a departure from the sentencing guidelines, requiring proper written reasons for the departure.” VanKooten, 522 So.2d at 830-31; accord Davis, 630 So.2d at 1059-60. We read these cases, however, to apply only where the guidelines sentencing range presents mutually exclusive disjunctive sentencing alternatives. See also Gilyard v. State, 636 So.2d 134 (Fla.2d DCA 1994).
In the instant ease, appellant’s sentence was imposed after revocation of his community control, which permitted the trial judge to sentence appellant within the next higher cell without a written reason for departure. Florida Rule of Criminal Procedure 3.701(d)(14) provides:
(14) Sentences imposed after revocation of probation or community control must be in accordance with the guidelines. The sentence imposed after revocation of probation or community control may be included within the original cell (guidelines range) or may be increased to the next higher cell (guidelines range) without requiring a reason for departure.
In this case, the next higher cell provides for a recommended sentencing range of three and one-half to four and one-half years incarceration and a permitted sentencing range of two and one-half to five and one-half years incarceration. This next highest cell does not involve “disjunctive sentences.” Accordingly, the trial court did not err in sentencing appellant to both incarceration and community control without a written reason for departure.
GLICKSTEIN and GUNTHER, JJ., concur.
STONE, J., dissents with opinion.