643 So.2d 679 (1994)
Roger HAUSE, Appellant,
v.
STATE of Florida, Appellee.
No. 93-1136.
District Court of Appeal of Florida, Fourth District.
October 12, 1994.
*680 Richard L. Jorandby, Public Defender, and Eric M. Cumfer, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and John Tiedemann, Asst. Atty. Gen., West Palm Beach, for appellee.
DELL, Chief Judge.
Roger Hause appeals from his judgment of conviction for burglary of an occupied dwelling. We affirm appellant's conviction. See Armstrong v. State, 579 So.2d 734 (Fla. 1991).
Appellant also challenges his sentence of twenty-two months imprisonment, two years community control, followed by eleven years and two months probation. He contends the trial court erred when it sentenced him to a combination of incarceration, community control and probation in violation of the sentencing guidelines. We agree and reverse appellant's sentence.
The state argues that appellant's counsel waived any error in sentencing because he requested the sentence imposed. Appellant does not agree that he affirmatively sought the sentence. Furthermore, he correctly points out that even if he had agreed to the sentence, his acquiescence does not preclude him from appealing an illegal sentence. See Reed v. State, 616 So.2d 592 (Fla. 4th DCA 1993); Purvis v. State, 587 So.2d 638 (Fla. 4th DCA 1991).
Appellant maintains that the sentence rendered constitutes an illegal sentence because the trial court departed from the presumptive sentencing guidelines without providing written reasons for the departure. See rule 3.701(b)(6), Fla.R.Crim.P. Under the presumptive guidelines set forth in rule 3.988(e), Florida Rules of Criminal Procedure, the trial court scored a total of 30 points for appellant's commission of a second degree felony. Both the recommended sentencing range and permitted sentencing range applicable to appellant provide for "any nonstate prison sanction," defined as "any lawful term of probation with or without a period of incarceration as a condition of probation, a county jail term alone, or any nonincarcerative disposition." See rule 3.701(d)(8), Fla.R.Crim.P.
In sentencing a defendant to any nonstate prison sanction, a trial court's discretion is not limited by rule 3.701, but it may also consider section 921.001(5), Florida Statutes (Supp. 1992), which provides in pertinent part:
[A]ny person sentenced for a felony offense committed after October 1, 1988, whose presumptive sentence is any nonstate prison sanction may be sentenced to community control or to a term of incarceration not to exceed 22 months.
The parties agree that section 921.001(5) applies in this context.
Appellant argues that State v. VanKooten, 522 So.2d 830 (Fla. 1988), mandates reversal because the supreme court, construing language similar to that utilized by section 921.001(5), held that the presumptive guidelines direct a sentence of community control "or" incarceration, but not both penalties unless accompanied by written reasons for the departure. The state argues, however, that since the VanKooten opinion predated enactment of the relevant amendment to section 921.001(5), the trial court had discretion to impose a sentence of incarceration coupled with community control. We disagree.
In State v. Davis, 630 So.2d 1059 (Fla. 1994), the supreme court, relying on the VanKooten rule, held that nonstate prison sanctions, which include incarceration, jail time, and community control, are disjunctive sentences, and thus combining any or all of them creates a departure sentence for which written reasons must be provided. Id. at 1060. Similarly in Felty v. State, 630 So.2d 1092 (Fla. 1994), the supreme court reaffirmed VanKooten and held that "where the sentencing guidelines specify incarceration or community control, these alternatives are mutually exclusive." Id. at 1093.
Although the sentencing guidelines do not expressly specify incarceration or community *681 control, we conclude that section 921.001(5) permits a trial court to sentence a defendant qualifying for a nonstate prison sanction to community control or a term of incarceration not exceeding twenty-two months, but not both. Thus, in the instant case the imposition of twenty-two months imprisonment and two years community control constitutes a departure sentence for which the trial court provided no written reasons.
Accordingly, we quash appellant's sentence and remand with instructions to either set forth valid written reasons for departure or for sentencing within the guidelines. See State v. Betancourt, 552 So.2d 1107 (Fla. 1989); Davis v. State, 636 So.2d 575 (Fla. 4th DCA 1994); Harmon v. State, 599 So.2d 754 (Fla. 4th DCA 1992).
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
STONE and KLEIN, JJ., concur.