PER CURIAM.
Defendant appeals from his judgment of conviction for indecent assault. We affirm. He also challenges his sentence contending the trial court erred when it sentenced him to both community control and incarceration in violation of the sentencing guidelines. We agree and reverse his sentence.
*709 Defendant’s sentencing guidelines scoresheet reflects a presumptive range of community control to 2½ years imprisonment; the permitted range was any non-state prison sanction to 3½ years imprisonment. The trial court sentenced defendant to 2 years community control, including, without written reason, a special condition of nine months county jail, followed by five years probation. The state does not challenge the mutual exclusivity of incarceration and community control where the sentencing guidelines specify one or the other.
Sentencing dispositions which include community control and county jail constitute departure sentences requiring written reasons. State v. Davis, 630 So.2d 1059, 1060 (Fla.1994); Felty v. State, 630 So.2d 1092, 1093 (Fla.1994). Here, the sentence imposed, which combines community control and county jail, is thus a departure sentence which is invalid because the trial court did not provide written reasons for departure.
We note, however, that there is no indication in the record that at sentencing the trial court knew that the sentence constituted a departure. Accordingly, we quash defendant’s sentence and remand with instructions to either set forth valid written reasons for departure or for sentencing within the guidelines. See State v. Betancourt, 552 So.2d 1107 (Fla.1989); Davis v. State, 636 So.2d 575 (Fla. 4th DCA 1994); Harmon v. State, 599 So.2d 754 (Fla. 4th DCA 1992).
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
DELL, C.J., and WARNER and PARIENTE, JJ., concur.