PER CURIAM.
Appellant appeals his judgment of conviction for possession of cocaine and the sentence imposed of two years community control with a special condition of 364 days in the county jail with credit for time served followed by three years of probation. We affirm the conviction in all respects, but reverse the sentence and remand.
Under sentencing guidelines, appellant was in both the recommended and the permitted *1270 range of any nonstate prison sanction. Appellant challenges his sentence contending the combination of community control and incarceration constitutes a departure sentence for which written reasons must be provided. We agree. State v. Davis, 630 So.2d 1059, 1060 (Fla.1994).
In State v. Davis, 630 So.2d 1059 (Fla.1994), the supreme court, relying on the [State v.] VanKooten [522 So.2d 830 Fla.1988] rule, held that nonstate prison sanctions, which include incarceration, jail time, and community control, are disjunctive sentences, and thus combining any or all of them creates a departure sentence for which written reasons must be provided. Id. at 1060.
Hause v. State, 643 So.2d 679, 680 (Fla. 4th DCA 1994).
There is no indication in the record that the trial court knew that the sentence constituted a departure. Accordingly, we vacate appellant’s sentence and remand with instructions either to set forth valid written reasons for departure or to sentence him within the guidelines. E.g., State v. Betancourt, 552 So.2d 1107, 1108 (Fla.1989).
Affirmed in part, reversed in part and remanded for treatment consistent with this opinion.
HERSEY, GUNTHER and STEVENSON, JJ., concur.