PER CURIAM.
Appellant argues that the trial court erred when it sentenced him following his plea of guilty to a violation of probation. He contends and the state correctly concedes that appellant should have received credit for time previously served on probation. See State v. Summers, 642 So.2d 742 (Fla.1994).
Appellant also contends the trial court erred in sentencing him to both incarceration and community control because the relevant sentencing guidelines permit at most a disjunctive sentence. The state argues that the sentence is valid because the trial court imposed the sentence pursuant to a plea agreement. This court recently reversed a similar sentence of both community control and incarceration where the permitted guideline allowed only a disjunctive sentence and rejected the argument being advanced by the state in this case:
The state argues that appellant’s counsel waived any error in sentencing because he requested the sentence imposed. Appellant does not agree that he affirmatively sought the sentence. Furthermore, he correctly points out that even if he had agreed to the sentence, his acquiescence does not preclude him from appealing an illegal sentence.
Hause v. State, 648 So.2d 679, 680 (Fla. 4th DCA 1994).
Accordingly, we reverse the sentence imposed upon appellant. Because the record does not indicate that the trial court knew it was imposing a departure sentence, upon remand the trial court may provide valid, written reasons for the departure or sentence appellant within the guidelines. See State v. Betancourt, 552 So.2d 1107 (Fla. 1989). The trial court shall also credit appellant with time previously served on probation.
REVERSED and REMANDED.
DELL, C.J., and WARNER and POLEN, JJ., concur.