PER CURIAM.
Appellant, an inmate of the state correctional system, seeks review of an order denying his motion for post-conviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm without discussion as to all grounds raised, except one.
One of the grounds raised by appellant can be read as asserting that his sentence is illegal because it exceeds the statutory maximum for the offense of which he was convicted. We treat this as a motion to correct an illegal sentence, pursuant to Florida Rule of Criminal Procedure 3.800(a).
In his motion, appellant asserted that, pursuant to a guilty plea, he was adjudicated guilty of the offense of aggravated battery and sentenced to 15 years in prison, with a 3-year mandatory minimum, to be followed by 253 days on community control. We are unable to determine whether this assertion is accurate because the judgment and sentence do not appear in the record. However, the sentencing guidelines scoresheet, which is a part of the record, appears to support the assertion. The trial court did not address it.
The maximum sentence permitted for the second-degree felony of aggravated battery is (absent habitualization) 15 years. §§ 784.045(2), 775.082(3)(c), Fla.Stat. (1993). Accordingly, if, in fact, appellant was sentenced to 15 years in prison to be followed by 253 days on community control (and he was not habitualized), such a sentence would be illegal. See, e.g., State v. Holmes, 360 So.2d 380 (Fla.1978); Gilyard v. State, 636 So.2d 134 (Fla.2d DCA 1994), approved, 653 So.2d 1024 (Fla.1995). On remand, the trial court is directed to examine the judgment and sentence. If the sentence provides for 15 years in prison to be followed by 253 days on community control, the trial court shall enter an amended judgment and sentence which deletes the 253 days of community control. Appellant need not be present.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
JOANOS, WOLF and WEBSTER, JJ., concur.