PER CURIAM.
This appeal involves a sentencing guidelines issue. Following a guilty plea to a charge of grand theft, appellant Brad Keith Allen was placed on a two-year term of probation. Six months later, subsequent to his having pled guilty to violating probation, appellant’s probation was revoked, he was then adjudged guilty of grand theft, and was ordered to serve ninety days in jail, followed by two years on community control, to then be followed by a probationary term of two and a half years.
Defendant/appellant now challenges his sentence (given upon his subsequent violation of community control) of three years in the Florida State Prison, plus one and one-half years community control, plus two and one-half years probation. We reverse and remand for sentencing.
Appellant here argues that where he was sentenced pursuant to a guidelines permitted range of community control or one to four and a half years incarceration, his sentence of three years incarceration plus two years community control followed by six months probation was an illegal guidelines departure sentence for which no written reasons were given.
*1255 In addition to appellant’s 13 points in his scoresheet, the trial judge was permitted to bump the recommendation two cells upward, based on appellant’s separate, successive violations of his probation and community control. See Williams v. State, 594 So.2d 273 (Fla.1992), and Morviani v. State, 613 So.2d 614 (Fla. 2d DCA 1993) (“bumping” a guideline sentence one cell for violation of probation, pursuant to Florida Rule of Criminal Procedure 3.701(d)(14), necessarily raises the “permitted range” by one cell also).
However, pursuant to Felty v. State, 630 So.2d 1092 (Fla.1994), Allen could not be sentenced to a combination of community control and incarceration, even though the length of the total combined sentence of community control and incarceration did not exceed the maximum guidelines inearcerative sentence. Where the sentencing guidelines specify incarceration or community control, these alternatives are mutually exclusive. Id. See also State v. Van Kooten, 522 So.2d 830 (Fla.1988).
We additionally agree with appellant that it is immaterial that he accepted the trial court’s plea offer since, pursuant to Trott v. State, 579 So.2d 807 (Fla. 5th DCA 1991), while a plea bargain is a sufficient basis for a departure sentence, it will not support an illegal sentence. As we stated in Hause v. State, 643 So.2d 679 (Fla. 4th DCA 1994), a defendant’s “acquiescence does not preclude him from appealing an illegal sentence.”
Accordingly, we reverse and remand for resentencing within the sentencing guidelines, with directions to strike the term of community control. In addition, we direct that appellant’s probation order should be reduced to six months to conform to the trial court’s oral pronouncement.
REVERSED AND REMANDED FOR RESENTENCING.
GUNTHER, C.J., and POLEN and SHAHOOD, JJ., concur.