HARRIS, Judge.
The issue on appeal is whether the trial court erred in sentencing the defendant to both incarceration and community control when the sentence fell within a range that had a recommended term of years but a permitted term of incarceration or community control.
In January, 1993, Appellant Theodore Freed was charged with knowingly uttering or issuing a worthless check in case number 92-0999. He pled nolo contendere in exchange for the prosecutor’s recommendation of a guidelines sentence. Freed’s scoresheet total placed him in the first cell with a recommended and permitted range of any non-state prison sanction. The court withheld adjudication and placed Freed on probation for two years.
In November, 1993, Freed was charged with committing unlawful sale or delivery of a controlled substance in case number 93-1321. He pled nolo contendere to the lesser included offense of attempted sale and delivery and was placed on probation for a period *667 of one year. As a result of this charge, however, he was also charged with violation of probation in the worthless cheek case, number 92-0999. In March, 1994, he entered a plea of nolo contendere to the VOP charge and the court converted the remaining portion of his supervision to Drug Offender Probation.
In June, 1994, Freed was again charged with violation of probation in case number 92-0999 because he drove with a suspended license, possessed marijuana, changed his residence and left the county without the consent of his probation officer, and failed to complete his drug treatment program. While this VOP charge was pending, Freed was also charged with violating his probation in case number 93-1321 because he failed to report to his probation officer, failed to pay supervision fees, and failed to obtain a random urinalysis.
In August, 1994, a plea and sentencing hearing was held on both VOP charges. Freed entered a plea of nolo contendere to violating his probation in both cases, and the trial court terminated his probation in case number 93-1321. In case number 92-0999, the court revoked Freed’s probation and placed him on community control for two years with a special condition that he serve 364 days in county jail, suspended upon his acceptance and entry into a residential drug program.
Freed timely appealed his sentence; we affirm.
Freed urges that his sentencing guidelines seoresheet total places him in the first cell, resulting in a recommended and permitted range of any non-state prison sanction. Citing State v. Davis, 630 So.2d 1059 (Fla.1994), he contends that combined sanctions of incarceration and community control constitute a departure sentence which requires written reasons for departure. Because the trial court did not provide such reasons, Freed maintains that his sentence should be vacated and the case remanded for resentencing within the guidelines. The State responds that Freed’s two violations of probation enabled the trial court to bump him from the first cell to the third without written reasons. Because the third cell provides a recommended range of a term of years, the State maintains that combined sanctions of incarceration and community control are permitted. We agree with the State.
After revocation of probation, the trial court may increase the defendant’s sentence to the next higher cell without requiring a reason for departure. Florida Rule of Criminal Procedure 3.701(d)(14). “[Wjhere there are multiple violations of probation, the sentence may be successively bumped to one higher cell for each violation.” Williams v. State, 594 So.2d 273, 275 (Fla.1992). Freed violated probation twice and therefore, at the time of sentencing, he was actually in the third cell, not the first.
Where the applicable guidelines range does not contain the disjunctive language requiring a choice between either incarceration or community control but only provides a term of years, a combination of incarceration and community control may be imposed. Gilyard v. State, 636 So.2d 134 (Fla. 2d DCA 1994), approved, 653 So.2d 1024 (Fla.1995). In the instant case, Freed’s third cell recommended range is a term of years, specifically two and a half to three and a half years. Therefore, according to Gil-yard, his sentence of two years’ community control with 364 days’ incarceration is valid.
We recognize that Gilyard involved a cell in which both the recommended and permitted ranges called for a term of years. In the instant case, the recommended range is a term of years but the permitted range contains the disjunctive language requiring community control or incarceration. Florida Rule of Criminal Procedure 3.988(f).
Because the court sentenced Freed within the recommended range, we find the language of the permitted range to be inapplicable. A different result would occur if Freed had instead been sentenced under the permitted range.
AFFIRMED.
PETERSON, C.J., and GOSHORN, J., concur.