PER CURIAM.
Edward Coney appeals the revocation of his community control, as well as the resulting sentence. We affirm the revocation, but reverse the sentence as it was a departure sentence that required written reasons.
Coney’s community control was revoked on July 28, 1994, for various violations including committing the offenses of possessing stolen property, grand theft and burglary. After admitting the violations, Coney was sentenced to ninety days county jail, followed by fourteen months community control, followed by six months probation. Both the recommended and permitted sentence on Coney’s sentencing guidelines scoresheet was any nonstate prison sentence. In accordance with this court’s prior opinion in House v. State, 643 So.2d 679 (Fla. 4th DCA 1994), we hold that this combined sanction of county jail time and community control was a departure sentence requiring written reasons.
In Hause, the recommended and permitted sentencing range was also any nonstate prison sanction. Id. at 679. However, this court noted that in sentencing a defendant to any nonstate prison sanction, the trial court may consider section 921.001(5), Florida Statutes (Supp.1992), which provides:
[A]ny person sentenced for a felony offense committed after October 1, 1988, whose presumptive sentence is any non-state prison sanction may be sentenced to community control or to a term of incarceration not to exceed 22 months.
This court then concluded that although the sentencing guidelines do not expressly specify incarceration or community control for a defendant qualifying for any nonstate prison sentence, section 921.001(5), qualifies the guidelines only permitting a term of community control or a term of incarceration, thus constituting a disjunctive sentence. Id. at 680. Thus, we conclude at bar, as we previously concluded in Hause, such a disjunctive sentence is a departure sentence requiring written reasons. See State v. Davis, 630 So.2d 1059 (Fla.1994) (nonstate prison sanctions which include incarceration, jail time and community control are disjunctive sentences and thus combining any or all of them creates a departure sentence for which written reasons must be provided); Felty v. State, 630 So.2d 1092 (Fla.1994) (where sentencing guidelines specify incarceration or community control these alternatives are mutually exclusive). Accordingly, we reverse with directions to the trial court to impose a *1224 sentence in accordance with the guidelines or to provide written reasons for the departure, as we do not believe the trial court realized it was imposing an impermissible departure sentence. See State v. Betancourt, 552 So.2d 1107 (Fla.1989) (where trial court did not recognize that it was imposing a departure sentence, it was not required upon remand for failure to state reasons for departure, to impose sentence within sentencing guidelines; rather, court was entitled to consider on remand whether departure was appropriate and if so, to set forth valid reasons for departure); Miranda v. State, 643 So.2d 708 (Fla. 4th DCA 1994) (quashing defendant’s sentence and remanding with instructions to either set forth valid written reasons or for sentencing within the guidelines, because there was no indication in the record that at sentencing the trial court knew that the sentence constituted a departure).
DELL, WARNER and POLEN, JJ., concur.