PER CURIAM.
The appellant challenges his convictions and sentences on grounds that reversible error occurred during his trial and he was improperly sentenced. He presents four issues for our consideration. We reverse as to the issue regarding the improper sentences, and affirm on the other three issues.
The appellant was sentenced, as to Count I of the new offenses (carrying a concealed firearm), to one year and one day in prison followed by two years’ community control less one day, followed by two years’ probation, and on Count II to time served. As to the 1992 offense underlying probation, possession of cocaine, the trial court imposed the same sentence as that imposed for Count I of the new offenses, to run concurrently with the sentence imposed on Count I.
The sentencing guidelines scoresheet used in sentencing the appellant was the same scoresheet form that was used for the 1992 offense with the new offenses added as “additional offenses at conviction.” A one cell bump-up specified a permitted range of “any nonstate prison sanction or community control or one year to three and one-half years’ incarceration.” This is the same cell as a one cell bump-up on the earlier scoresheet used in the 1992 sentencing.
When a sentence of community control or incarceration is permitted, these alternatives are mutually exclusive and may not be imposed in combination. Felty v. State, 630 So.2d 1092 (Fla.1994).
We reverse the appellant’s sentences for carrying a concealed firearm and for possession of cocaine, and remand for resentencing.
Sentences for carrying a concealed firearm and for possession of cocaine are reversed; all other issues are affirmed.
THREADGILL, C.J., and DANAHY and BLUE, JJ., concur.