659 So.2d 1260 (1995)
Donald BROWN, a/k/a Donald Lewis, Appellant,
v.
STATE of Florida, Appellee.
Nos. 94-2304, 94-2411.
District Court of Appeal of Florida, Fourth District.
August 30, 1995.
*1261 Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Joseph A. Tringali, West Palm Beach, for appellee.
KLEIN, Judge.
Appellant argues that the trial court improperly revoked his community control because his original sentence, which was based on a plea, was illegal. Although his original sentence was illegal because it provides for incarceration, followed by community control, followed by probation, whereas the guidelines specify incarceration or community control, Felty v. State, 630 So.2d 1092 (Fla. 1994), appellant never challenged his sentence when it was imposed. He therefore falls within the line of cases in which:
[S]entences imposed in violation of statutory requirements, which are to the benefit of the defendant and to which he agreed, may not be challenged after the defendant has accepted the benefits flowing from the plea, but has failed to carry out the conditions imposed on him.
Bashlor v. State, 586 So.2d 488, 489 (Fla. 1st DCA 1991), citing Clem v. State, 462 So.2d 1134, 1136 (Fla. 4th DCA 1984) (a defendant cannot complain, after revocation of probation, of the illegality of a sentence placing him on probation, because he accepted the benefits).
Appellant also argues that revocation was improper because it was based exclusively on hearsay testimony. While hearsay testimony is admissible in a revocation hearing, Couch v. State, 341 So.2d 285, 286 (Fla. 2d DCA 1977), a court cannot revoke *1262 probation based solely on hearsay. Adams v. State, 521 So.2d 337 (Fla. 4th DCA 1988). Here, the court found appellant guilty of changing his residence without permission, and the sole evidence supporting this was the testimony of appellant's community control officer, who testified that when she went to appellant's address to verify his residence, appellant's sister told her that appellant no longer lived there. Although there was non-hearsay evidence supporting the finding of two other violations, we must reverse because we can neither determine whether the trial court would have revoked appellant's probation for the other two violations alone, nor conclude whether his sentence would have been the same. Davis v. State, 474 So.2d 1246 (Fla. 4th DCA 1985).
In addition, the written order revoking probation recited six violations; but the court orally found appellant guilty of only three violations. Therefore, after remand, the order should be corrected so that it is not inconsistent with the court's oral pronouncement. Archie v. State, 558 So.2d 183 (Fla. 3d DCA 1990).
Affirmed in part and reversed in part.
DELL, J., concurs.
PARIENTE, J., concurs specially with opinion.
PARIENTE, Judge, concurring specially.
Defendant's argument is that the trial court lacked jurisdiction to enter the order revoking community control because the original sentence was an illegal sentence and thus defendant was never "legally" on community control. However, in my opinion it is important to focus on the nature of the illegality; specifically, we are not dealing with a jurisdictional flaw in the original sentence or a sentence which exceeded the statutory maximum.
In this case, defendant's allegation of illegality stems solely from the fact that the original sentence provided for incarceration, followed by community control, followed by probation, and thus constituted a departure sentence under Felty v. State, 630 So.2d 1092 (Fla. 1994). There is no allegation that the combined sentence of incarceration and community control exceeded the permissible guidelines range. However, since the guidelines specify incarceration or community control, our supreme court has held that a combined sentence of incarceration and community control is a departure sentence requiring written reasons for departure. Felty; State v. VanKooten, 522 So.2d 830 (Fla. 1988). Thus the sentence is "illegal" solely because it is a departure sentence with no written reasons having been provided.
If the original sentence had been attacked as illegal before the violation had occurred and while defendant was still incarcerated, we would not have discharged defendant; we most likely would have either remanded the case with instructions to set forth written reasons for departure or for sentencing within the guidelines. See Hause v. State, 643 So.2d 679 (Fla. 4th DCA 1994). Potential sentencing options would have included a longer jail sentence, (a potential that Justice Grimes refers to in his concurrence in Felty), jail time followed by a longer period of probation or a longer period of community control. Defendant was not prejudiced by the imposition of the departure sentence. See Clem v. State, 462 So.2d 1134, 1136 (Fla. 4th DCA 1994). Only after defendant completed his incarceration and violated his community control has he challenged the legality of the sentence. For these reasons, I concur in the majority opinion.