PER CURIAM.
On revocation of community control, the appellant was sentenced to both incarceration and community control, followed by probation. The appellant contends that the trial court erred because the sentence was illegal, as a departure from the guidelines without written reasons. We affirm the appellant’s sentence and hold, in accordance with Smith v. State, 529 So.2d 1106, 1107 (Fla.1988), that a negotiated plea agreement is a valid reason upon which to base a departure from a guidelines sentence. In this case the trial court checked “plea” on the scoresheet, and the plea agreement is part of the record. Therefore, the record shows a valid reason for departing. See Smith v. State, 553 So.2d 748 (Fla. 5th DCA 1989).
Moreover, the supreme court recently decided in Davis v. State, 661 So.2d 1193 (Fla.1995), that a departure sentence without written reasons does not constitute an illegal sentence. “Only if the sentence exceeds the maximum allowed by law would the sentence be illegal.” Id. at 1196. The Davis court specifically receded from any contrary statements in State v. Whitfield, 487 So.2d 1045 (Fla.1986). Our decisions in Cavaretta v. State, 656 So.2d 510 (Fla. 4th DCA 1995), and Hause v. State, 643 So.2d 679 (Fla. 4th DCA 1994), holding to the contrary, were published prior to Davis, which effectively overrules them on this issue.
Affirmed.
WARNER, PARIENTE and SHAHOOD, JJ., concur.