GRIFFIN, Judge.
Lee Greene, Jr. [“defendant”] was convicted of the unlawful sale, purchase or delivery of a controlled substance in Cáse Number 92-1152. He was sentenced to three and one-half years in the Department of Corrections, to be followed by six and one-half years’ probation. After serving the inearcer-ative portion of his sentence, and embarking on his probation, he was charged with a number of additional substantive offenses. In particular, he was charged with dealing in stolen property and failure to appear (Case No. 94-1907) and four counts of the unlawful sale of cocaine (Case Nos. 95-619, 95-620, 95-622, and 95-623). He was also charged with violating his probation in Case Number 92-1152 by committing each of these new substantive offenses. After pleading nolo contendere to all of these offenses, defendant was sentenced to five and one-half years in prison for violating his probation in Case Number 92-1152, with credit for 239 days served. He was also sentenced to forty-nine months in prison on each of the charges involved in Case Number 94-1907, all sentences to run concurrently. With o respect to each of the remaining cases, defendant was sentenced to fifteen years’ probation, to run consecutive to the sentences imposed in Case Numbers 92-1152 and 94-1907.
We agree with defendant, and the state has conceded, that defendant’s sentences violate his plea agreement, which was approved by the court. Upon accepting defendant’s plea to these charges, the court stated:
I have indicated to your attorney that I will give you a Guidelines sentence of incarceration on one charge. The remaining charges, you’ll be placed on probation consecutive to the incarceration.
*740 The judge is not bound to honor the plea, but he must give the defendant the right to withdraw the plea if he decides to deviate from its terms. Goins v. State, 672 So.2d 30 (Fla.1996); Harnage v. State, 680 So.2d 626 (Fla. 5th DCA 1996). We also agree with defendant that to the extent he is sentenced to a guidelines sentence in case number 92-1152, he will be entitled to credit for the three and one-half years previously served in prison on these charges. Tripp v. State, 622 So.2d 941 (Fla.1993); Rouse v. State, 643 So.2d 1159 (Fla. 1st DCA 1994). We do not agree, however, that the trial judge cannot impose a two-cell bump-up.for the violation of probation if on remand he chooses to do so, since defendant was convicted of a total of six additional substantive offenses in five separate cases, each of which were charged as violations. Williams v. State, 594 So.2d 273 (Fla.1992); Freed v. State, 658 So.2d 666 (Fla. 5th DCA 1995).
REVERSED and REMANDED for resen-tencing in accordance with this opinion.
DAUKSCH and ANTOON, JJ., concur.