ORFINGER, M., Senior Judge.
Appellant was on probation for attempted lewd or lascivious assault on a child. He was later charged with a violation of that probation by the commission of new substantive offenses. He offered a plea of guilty to the violation of probation, but later sought to withdraw that plea. From an order denying his motion to withdraw his plea, he appeals. We affirm.
At the plea hearing before Judge Nichols, defense counsel advised the court that based on the scoresheet which had been prepared, defendant and the state would recommend to the court a sentence of twelve months incarceration, which would be at the low end of the recommended scale. In the extensive dialogue with defendant before accepting this proffered guilty plea, Judge Nichols was assured by defense counsel and the defendant that no assurances had been given the defendant and that defendant had not been pressured into entering the plea. Judge Nichols then deferred sentencing, observing that a new scoresheet would be required.[1]
Appellant later appeared for resentencing, but before a new judge, Judge Parsons, who observed from the new scoresheet that appellant’s prior convictions had elevated the recommended guidelines sentence beyond the five year statutory maximum for the substantive offense. Defense counsel then advised the court that he and the state had joined in recommending a twelve month prison sentence. The court acknowledged the advice, but rejected the agreement because of the new scoresheet total. Appellant was then sentenced to five years incarceration. He contends that he was entitled to be sentenced *353 to only twelve months, or be given the right to withdraw his plea. We disagree.
In Goins v. State, 672 So.2d 30 (Fla.1996) the court held: “... where there has been a firm agreement for a specified sentence and the judge determines to impose a greater sentence, the defendant has the right to withdraw his plea.... On the other hand, if the agreement only calls for the state to recommended a particular sentence and it is clear that the trial judge may impose a greater sentence, the defendant cannot withdraw the plea if a greater sentence is imposed so long as the state carries out its promise. State v. Adams, 342 So.2d 818 (Fla.1977).”
In Goins, supra, the court found a firm written agreement between the defendant and the state for a specified sentence. Because the trial court found that it could not go along with that agreement, the supreme court, in a close decision, held that the defendant had a right to withdraw his plea. Here, there was no written agreement, and even by defense counsel’s best characterization, there was only an agreement to recommend a certain sentence, which itself was based on what was clearly an incorrect point total. Cf. Greene v. State, 686 So.2d 739 (Fla. 5th DCA 1997) and Harnage v. State, 680 So.2d 626 (Fla. 5th DCA 1996) where in both cases it appears that the trial court had concurred in the plea, agreement, but later concluded that it could not go along with it. In both cases, the defendant was given the right to withdraw his plea.
AFFIRMED.
GRIFFIN, C.J. and DAUKSCH, J., concur.

. Apparently what counsel believed was a score- sheet turned out to be only a worksheet.