596 So.2d 461 (1992)
Glenda Lee CECIL, Appellant,
v.
STATE of Florida, Appellee.
No. 91-2043.
District Court of Appeal of Florida, First District.
January 31, 1992.
Nancy A. Daniels, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Bradley R. Bischoff, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Chief Judge.
Glenda Lee Cecil has appealed the sentences imposed after revocation of her probation. We reverse, and remand for resentencing within the sentencing guidelines.
On October 9, 1990, Cecil pled nolo contendere in Case Nos. 89-2561 and 89-2883; each charged a single third-degree felony. She received five years probation in 89-2883, consecutive to a five year probationary term in 89-2561. In March 1991, an affidavit of violation of probation was filed based on Cecil's alleged purchase of cocaine. She was charged with purchasing cocaine, also a third-degree felony, in Case No. 91-418.
Cecil admitted the probation violation, and pled nolo contendere in 91-418. The trial court revoked her probation and sentenced her as follows: Case No. 89-2561  3 1/2 years incarceration plus the remainder of her probation (approximately 4 years, 7 months), Case No. 89-2883  3 1/2 years incarceration concurrent with the sentence in 89-2561, plus the remainder of her probation (5 years, in that this term was set to run consecutively to that in 89-2561, and hence had not commenced at the time of the probation violation in 89-2561), and Case No. 91-418  3 1/2 years consecutive to the terms in 89-2561 and 89-2883, to be followed by 11 years probation.
If a trial court imposes a split sentence (a combination of probation and incarceration), the total sanction shall not exceed the term provided by general law. Comment to Rule 3.701(d)(12), Fla. R.Crim.P. The comment also provides that "[t]he sentencing court shall impose ... sentence for each separate count, as convicted" (emphasis supplied). Here, each case charged a third-degree felony, carrying a statutory maximum term of 5 years. *462 The court imposed incarcerative terms in each of 3 1/2 years, leaving 1 1/2 years available for additional probation. However, in 89-2561, the court added 4 years, 7 months probation, in 89-2883, it added 5 years, and in 91-418 it added 11 years. In each case, the total sanction exceeds the term provided by general law. The sentences are therefore illegal and must be reversed.
For the trial court's information at resentencing, we note the provision of Rule 3.701(d)(12) that "[a] sentence must be imposed for each offense, [but] the total sentence cannot exceed the total guideline sentence unless a written reason is given" (emphasis supplied). The corresponding comment provides that "[t]he total sentence shall not exceed the guidelines sentence, unless the provisions of paragraph (11) (written reasons for departure) are complied with."
Here, Cecil scored 96 points. The maximum of the corresponding permitted guidelines range is 3 1/2 years; after the one-cell increase allowed for sentences imposed after revocation of probation, Rule 3.701(d)(14), the maximum of the range is 4 1/2 years. However, the incarcerative terms imposed by the trial court total 7 years, a departure sentence. No written reasons for the departure were given, nor did Cecil agree to be sentenced outside the guidelines as part of her plea bargain. On the contrary, guidelines sentencing was a part of her agreement. Therefore, the sentences must also be reversed for failure to provide written reasons for departure, and sentencing on remand must be within the guidelines. Pope v. State, 561 So.2d 554 (Fla. 1990).
The sentences herein appealed are reversed, and the case remanded for resentencing within the guidelines.
BOOTH and KAHN, JJ., concur.