614 So.2d 603 (1993)
Glinder Lee CECIL, Appellant,
v.
STATE of Florida, Appellee.
No. 92-1766.
District Court of Appeal of Florida, First District.
February 18, 1993.
Nancy A. Daniels, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Bradley R. Bischoff, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Glinder Lee Cecil has appealed from sentence imposed after remand by this court in Cecil v. State, 596 So.2d 461 (Fla. 1st DCA 1992). We remand for correction of Cecil's sentence as outlined below.
In October 1990, Cecil pled guilty to two 3d-degree felonies (Case Nos. 89-2561 and 89-2883), and received consecutive 5-year probationary terms. An affidavit of violation of probation was filed based on a new offense, the 3d-degree felony of purchasing cocaine (Case No. 91-418). The trial court revoked probation and, in March 1991, sentenced Cecil as follows: 89-2561  3 1/2 years incarceration plus 4 years, 7 *604 months probation concurrent with 89-2883  3 1/2 years plus 5 years probation, and 91-418  3 1/2 years plus 11 years probation, consecutive to the first two. Cecil appealed and this court reversed, finding that the total of each sentence exceeded the 5-year statutory maximum for 3d-degree felonies. Cecil. The court remanded for resentencing, and the mandate issued on February 19, 1992.
On January 2, 1992, an affidavit of violation of probation was filed based on a new offense of possession of cocaine (Case No. 92-3). Cecil pled guilty to the new charge, and admitted the violation of probation. On April 14, 1992, she came on for resentencing pursuant to Cecil, and for sentencing in 92-3. The trial court revoked probation in 89-2883 and 91-418, and orally resentenced Cecil to 3 1/2 year terms; no habitualization was orally pronounced. However, the written judgments and sentences reflect a sentence of 2 1/2 years in each case and that, as to each, Cecil was a habitual offender. The trial court relied on the convictions in 89-2883 and 91-418 to habitualize Cecil in 92-3, and she was sentenced in that case to 10 years. The disposition in 92-3 is not at issue herein.
Cecil argues only that the written judgments and sentences in 89-2883 and 91-418 must be corrected to eliminate the indication of habitual offender status as inconsistent with the oral pronouncement of sentence. The state concedes this error, and urges remand for correction. On our own motion, we also note that: 1) Cecil could not properly be charged with violating the probation imposed in 89-2561, 89-2883 and 91-418 as part of illegal sentences, Cecil, nor have that probation revoked; 2) the trial court failed to comply with the Cecil mandate to re-sentence Cecil in 89-2561; and 3) the 2 1/2 year terms reflected in the written judgments and sentences in 89-2883 and 91-418 are inconsistent with the 3 1/2 year terms orally pronounced at sentencing.
Based on the error raised by the parties, and on the errors noted in the court's own review of the case, we remand with the following directions: 1) re-sentence Cecil in 89-2561, in compliance with the Cecil mandate, see Stuart v. Hertz Corp., 381 So.2d 1161, 1163 (Fla. 4th DCA 1980) (district courts of appeal have inherent power to enforce their mandates); 2) strike from the judgments and sentences in 89-2883 and 91-418 any indication that probation was revoked in those cases, in that such probation was part of an illegal sentence stricken in Cecil; and 3) conform the written judgments and sentences in 89-2883 and 91-418 to the oral pronouncement of sentence by: a) striking any indication that Cecil was classified as an habitual offender in those cases and b) correcting the terms of incarceration to 3 1/2 years, see Bennett v. State, 588 So.2d 672 (Fla. 1st DCA 1991) (written sentence must conform with the oral pronouncement at the sentencing hearing).
Remanded with directions.
JOANOS, C.J., and ERVIN and WEBSTER, JJ., concur.