616 So.2d 172 (1993)
Randal F. DUCHESNE, Appellant,
v.
STATE of Florida, Appellee.
No. 92-00038.
District Court of Appeal of Florida, Second District.
March 31, 1993.
James Marion Moorman, Public Defender, Deborah K. Brueckheimer, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
BLUE, Judge.
We affirm the sentence of Randal F. Duchesne (Duchesne) imposed after the revocation of his probation with the following exceptions.
First, a review of the record reveals the trial court reimposed conditions of probation without announcing them orally in court as required. Olvey v. State, 609 So.2d 640 (Fla.2d DCA 1992). Therefore, the special conditions of probation numbers (11) through (25) listed in the original order docketed on May 3, 1989 must be stricken as invalid. Tillman v. State, 592 So.2d 767 (Fla. 2d DCA 1992).
Second, the trial court imposed a term of probation which exceeds the statutory maximum. Duchesne had served two years, seven and one half months of probation imposed during his original sentencing. Upon revocation, the trial court imposed an additional three years of probation. When combined, these probationary sentences exceed the five year statutory maximum. See Servis v. State, 588 So.2d 290 (Fla.2d DCA 1991). We remand for the trial court to determine and strike from Duchesne's extended probationary period any amount of probation in excess of the statutory maximum.
*173 Remanded for resentencing in accordance with this opinion. Otherwise affirmed.
FRANK, A.C.J., and PATTERSON, J., concur.