616 So.2d 592 (1993)
James REED, Appellant,
v.
STATE of Florida, Appellee.
No. 92-1690.
District Court of Appeal of Florida, Fourth District.
April 7, 1993.
*593 Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joan Fowler, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
This is an appeal from a sentence imposed upon revocation of appellant's probation. We reverse and remand with direction.
Having been charged by information with driving while intoxicated (DWI), attempted third degree murder, and culpable negligence, appellant pled guilty to felony DWI and culpable negligence (a misdemeanor), and the state nolle prossed the attempted murder charge. The trial court sentenced appellant to a three year term of imprisonment followed by two years probation. As a condition of his probation, appellant was ordered to pay $6,500 in restitution to the victims.
After appellant was released from prison, his probation officer filed an affidavit of violation of probation. The affidavit and subsequent warrant referred only to the felony DWI conviction. Appellant pled guilty to the six alleged violations and against the advice of counsel accepted the court's offer of two years community control to be followed by three more years of probation. Defense counsel argued that the sentence was illegal because the total sanctions were greater than the five year statutory maximum for the offense charged. The trial court revoked appellant's probation and entered new orders of community control and probation. The instant appeal followed.
The statutory maximum penalty for DWI causing injury (a third degree felony) is five years. Sections 316.193(3)(c)2 & 775.082(3)(d), Fla. Stat. (1991). The trial court initially sentenced appellant to a "probationary split sentence," consisting of three years confinement followed by two years probation. When appellant violated his probation, the trial court was permitted to impose any sentence it originally might have imposed, with credit for time served and subject to the guidelines recommendation. Poore v. State, 531 So.2d 161, 164 (Fla. 1988). Consequently, the trial court exceeded the statutory maximum by failing to credit appellant's time served against the new sentence of two years community control followed by three years probation. Id. As such, appellant's sentence is illegal. See Medina v. State, 604 So.2d 30 (Fla. 2d DCA 1992).[1]
While the state concedes that appellant should have been given credit for time served against the new sentence, it argues that appellant agreed to the new sentence because he wanted additional time to pay the $6,500 in restitution. The state asserts that because appellant agreed to the sentence, counsel's argument on appeal will only serve to prejudice the desires of his client. The state even urges this court to inquire of appellant personally as to whether he wishes to proceed with this appeal so as to avoid a future attack alleging ineffective assistance of counsel. What the state overlooks, however, is that a defendant cannot acquiesce in an illegal sentence. Purvis v. Lindsey, 587 So.2d 638 (Fla. 4th DCA 1991). Therefore, despite appellant's wishes, he cannot agree to be sentenced beyond the statutory maximum. Accordingly, we reverse appellant's sentence and remand for resentencing with direction that *594 appellant's total sentence for the felony DWI conviction not exceed five years.
Appellant also correctly asserts that the orders of community control and probation state that they apply to counts for DWI with injury, suspended license, and habitual offender when in fact they only apply to felony DWI. The state concedes this error, and we direct that it be corrected on remand.
GLICKSTEIN, C.J., and LETTS and WARNER, JJ., concur.
NOTES
[1] The state apparently concedes that the violation of probation refers only to the original felony DWI conviction and does not include the culpable negligence conviction.