THOMPSON, Judge.
Venita Ann Smith appeals the denial of her motion for correction of sentence for violation of probation. We affirm the trial court.
Smith filed a motion to correct sentence because she alleged she did not get credit for all of the time she served in jail and in prison when she was sentenced for violation of probation. The trial court heard her argument and denied her motion. Smith timely appealed. Now, on appeal, Smith attempts to have this court review the sentence originally imposed. This appeal is improper. Smith had an opportunity to appeal the original sentence which was imposed in October 1990, but did not. A motion to correct an illegal sentence is not a substitute for an appeal. See Thomas v. State, 595 So.2d 287 (Fla. 4th DCA 1992). Her objection to the original sentence was never raised nor argued before the trial judge. We affirm the trial court, but note that nothing prevents Smith from filing another motion to correct an illegal sentence. Although we do not pass on the efficacy of a motion to be filed, Rule 3.800(a), Florida Rules of Criminal Procedure does allow a trial court to correct an illegal sentence at any time.
AFFIRMED.
COBB and GRIFFIN, JJ., concur.