654 So.2d 234 (1995)
Solomon JACKSON, Appellant,
v.
STATE of Florida, Appellee.
No. 94-1602.
District Court of Appeal of Florida, Fourth District.
April 26, 1995.
Rehearing and Certification Denied May 25, 1995.
*235 Richard L. Jorandby, Public Defender, and Mallorye G. Cunningham, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Edward L. Giles, Asst. Atty. Gen., West Palm Beach, for appellee.
DELL, Chief Judge.
Solomon Jackson appeals an order of revocation of community control stemming from his conviction for unemployment compensation fraud. Appellant contends the trial court erred when it revoked his sentence of community control while he was serving an illegal sentence. He also contends the trial court erred when it included as a special condition of probation and community control a prohibition against use of any intoxicants. We agree and thus reverse.
Appellant pled guilty to one count of unemployment compensation fraud. On December 14, 1992, the trial court sentenced appellant to two years of probation with eighty hours of community service and ordered him to pay restitution. The terms of probation included a special condition directing appellant to refrain from use of any intoxicants. Thereafter, in May 1993, appellant admitted to a violation of probation and agreed to a sentence of two years of community control with a special condition of 90 days jail time and three years probation subject to the same restrictions previously imposed. One year later appellant's probation officer filed an affidavit of violation of community control against appellant. In response, appellant filed a motion to correct an illegal sentence, alleging that the trial court in fashioning its May 1993 sentence failed to give him credit for time served on probation from December 1992 through May 1993 and therefore the sentence exceeded the five-year permitted range for a third degree felony. Appellant also moved at that time to strike the special condition of probation and community control forbidding him from using any intoxicants, arguing that such condition was not reasonably related to the underlying offense.
In May 1994, the trial court conducted a hearing on appellant's motions and the violation of community control. The trial court judge stated that the sentence imposed in May 1993 was "a correctable sentence and I can vacate any portion of that sentence that exceeded the maximum sentence of five years in this case, and I'm basing this decision on [Duchesne v. State, 616 So.2d 172 (Fla. 2d DCA 1993)]." The trial court also stated that it would amend the objectionable special condition to state that appellant shall not use intoxicants "to excess." The trial court accepted appellant's plea of guilty to the violation of community control and pronounced sentence, including a new period of probation. The trial court also imposed as conditions of his new term of probation all other special conditions previously imposed on community control.
We conclude that the trial court properly vacated the May 1993 sentence because the total sanction of jail time, community control and probation, in addition to the time served on probation, exceeded the statutory five-year maximum sentence for unemployment compensation fraud, a third degree felony. Duchesne; Medina v. State, 604 So.2d 30 (Fla. 2d DCA 1992); Schertz v. State, 387 So.2d 477 (Fla. 4th DCA 1980). "Upon revocation of probation, the time a probationer has already served on probation for a given offense must be credited toward any new *236 term of probation imposed for that offense, when necessary to ensure that the total term of probation does not exceed the statutory maximum for that offense." State v. Summers, 642 So.2d 742, 743 (Fla. 1994); accord Roundtree v. State, 637 So.2d 325, 326 (Fla. 4th DCA), approved, 644 So.2d 1358 (Fla. 1994). By failing to credit appellant with time served on probation from December 1992 through May 1993, the trial court imposed an illegal sentence.[1]Reed v. State, 616 So.2d 592, 593 (Fla. 4th DCA 1993); Cecil v. State, 596 So.2d 461, 462 (Fla. 1st DCA 1992). We find no merit in state's argument that appellant acquiesced in the imposition of an illegal sentence by entering a plea of guilty to the revocation. See Reed, 616 So.2d at 593.
Since appellant was serving an illegal sentence, the trial court could not charge appellant with a violation of the terms of his probation nor revoke his probation. In Cecil v. State, 614 So.2d 603 (Fla. 1st DCA 1993), the trial court originally sentenced the defendant to two five-year consecutive probationary periods for two separate offenses. The defendant's subsequent commission of another offense resulted in revocation of his probation and imposition of new sentences for the first two convictions: three and one-half years imprisonment with four years, seven months probation concurrent with a three and one-half year term of imprisonment followed by five years probation. The trial court sentenced the defendant to three and one-half years incarceration with eleven years probation for the new offense. On appeal, the defendant challenged his sentences for the first two convictions, and the appellate court determined that those sentences were illegal since the total sanction for each offense exceeded the term provided by general law for third degree felonies. The appellate court remanded to the trial court for resentencing. After remand but before resentencing, the defendant pled guilty to a fourth felony and admitted to a violation of probation. At the resentencing, the trial court sentenced the defendant on the fourth offense and revoked probation for the second and third convictions. The defendant again appealed. On appeal after remand, the district court upon its own motion concluded that the defendant could not be properly charged with violating his probation for the first, second and third convictions while serving illegal sentences nor have that probation revoked. 614 So.2d at 604.
We agree with Cecil and hold that a defendant may not be violated on a condition of probation or community control while serving an illegal sentence. Cecil also answers the state's argument that the revocation of probation should be affirmed because the violation occurred within the "legal" portion of the sentence. The subject violation in Cecil occurred on April 14, 1992, eighteen months after the imposition of the original sentences in October 1990 and thus would have occurred within the legal portion of the sentence.
As to appellant's second point on appeal, the state concedes, and we agree, that the trial court should not have imposed the special condition related to appellant's use of intoxicants in the orders of probation and community control. The special condition prohibiting appellant from using any intoxicants or using intoxicants to excess was not reasonably related to the underlying offense of unemployment compensation fraud, the consumption of alcohol is not illegal and his use of alcohol is not reasonably related to his commission of future crimes. See Biller v. State, 618 So.2d 734, 734-35 (Fla. 1993); Zeigler v. State, 647 So.2d 272, 274 (Fla. 4th DCA 1994).
Accordingly, we reverse the May 1994 order of revocation of community control as well as the resulting sentence. On remand, we direct the trial court to strike the May 1994 revocation from the judgment and sentence. We also strike the special condition prohibiting appellant's use of intoxicants from the orders of probation and community *237 control. We remand for resentencing and caution the trial court to consider any time served by appellant on community control during pendency of this appeal.
REVERSED and REMANDED.
WARNER and PARIENTE, JJ., concur.
NOTES
[1] Although the trial court did not have the benefit of State v. Davis, 630 So.2d 1059 (Fla. 1994), at the May 1993 sentencing, we note that the combined sentence of jail time, community control and probation constitutes an illegal departure sentence for which written reasons were not provided. See also Felty v. State, 630 So.2d 1092 (Fla. 1994); Hause v. State, 643 So.2d 679 (Fla. 4th DCA 1994).