HARRIS, Judge.
David L. Taylor pled nolo to the offense of driving under the influence resulting in serious bodily injury. Substantial restitution was required so, without objection from Taylor and with the approval of the State, Taylor was sentenced to ten years probation in lieu of prison. Within a few months of his sentence (which he did not appeal), Taylor violated the terms of his probation by, among other violations, possessing marijuana. He was found guilty of violating probation and sentenced to 38 months in prison. He now contends that it was improper to violate his probation because his original sentence' was “illegal” where the initial conviction of a third degree felony did not authorize a term of ten years probation. He urges that since he cannot violate an illegal sentence, his latest conviction must be set aside. The trial court disagreed and we affirm.
We recognize that Taylor’s original sentence was illegal in that it exceeded the maximum statutory authority. However, since he violated probation during the first five years, a sentence that would have been legal in any event, we find that he is now estopped to assert the illegality of the sentence after he has knowingly taken advantage of its benefits. See Warrington v. State, 660 So.2d 385 (Fla. 5th DCA 1995); Smith v. State, 630 So.2d 641 (Fla. 5th DCA 1994); Gaskins v. State, 607 So.2d 475 (Fla. 1st DCA 1992). We are not here facing a violation which is alleged to have occurred during that portion of the sentence which exceeded the statutory maximum.
We acknowledge conflict with Jackson v. State, 654 So.2d 234 (Fla. 4th DCA 1995).
AFFIRMED.
PETERSON, C.J., and GOSHORN, J., concur.