697 So.2d 1305 (1997)
Joseph COLLINS, Appellant,
v.
STATE of Florida, Appellee.
No. 96-0819.
District Court of Appeal of Florida, Fourth District.
August 20, 1997.
*1306 Richard L. Jorandby, Public Defender, and Cherry Grant, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Carol Cobourn Asbury, Assistant Attorney General, West Palm Beach, for appellee.
EN BANC
PARIENTE, Judge.
Defendant appeals orders revoking his probation in three related cases and imposing concurrent sentences of five years imprisonment in each case with credit for jail time previously served. Two cases, numbers 92-1253 and 92-1255, arise from a 1992 sale of marijuana. The third case, number 94-1785, involved a 1994 charge of aggravated battery.
The substantive violations of probation that gave rise to the revocation of probation in each case were: (1) loitering; (2) committing a burglary; and (3) committing a sexual battery. We affirm the convictions and sentences in all cases. We consider this case en banc in order to recede from this court's opinion in Jackson v. State, 654 So.2d 234 (Fla. 4th DCA 1995), to the extent that it conflicts with our decision here.

CASE NO. 92-1253
In case number 92-1253, defendant contends that because he was serving an illegal term of probation at the time of the violations, our decision in Jackson compels reversal. While we agree that defendant's probationary term was in excess of the statutory maximum, when combined with his prior sanctions, the violations occurred while he was still serving the portion of the probationary term within the statutory maximum. *1307 Thus reversal of the order revoking his probation is not required.
In Jackson, the defendant was given a community control sentence that exceeded the statutory maximum because the new sentence failed to include credit for time previously served on probation. This court held that because the defendant was serving an illegal sentence at the time of the violations of probation, the trial court could not charge him with a violation of the terms of his probation nor revoke his probation. Jackson, 654 So.2d at 236.
In Jackson, we did not discuss the distinction between defendants who violate their probation while still serving the portion of the term within the statutory maximum and defendants who violate their probation during the illegal portion of the sentence. We partially recede from Jackson because we find this distinction critical.
A defendant who violates his probation should not be able to escape punishment when the violation occurs during the legal portion of the sentence and the violation is unrelated to that illegality. "Sentences which exceed the maximum permitted by law are considered void to the extent by which they exceed the statutory maximum." Cheney v. State, 640 So.2d 103, 105 (Fla. 4th DCA 1994) (citing Pahud v. State, 370 So.2d 66, 67 (Fla. 4th DCA 1979)) (emphasis supplied). Therefore, the "sentence is legal so far as it is within the provisions of the statute and only void as to the excess." Pahud, 370 So.2d at 67.
There is simply no logical reason for preventing a trial court from finding a violation of probation, if the violation occurred during the legal portion of the probation. If defendant had collaterally attacked his sentence after it had been imposed, the sentence would have been void only as to the portion in excess of the statutory maximum. See, e.g., Madrigal v. State, 683 So.2d 1093, 1095 (Fla. 4th DCA 1996); Williamson v. State, 569 So.2d 1368, 1368 (Fla. 4th DCA 1990).
A defendant violating probation should not be rewarded for failing to bring an illegal probationary term to the court's attention prior to the violation. If this matter had been brought to the court's attention either on direct appeal or by post-conviction motion, the court would have had the opportunity to reduce the term of probation by giving defendant credit for the time previously served in jail, community control and probation. See Madrigal; Williamson.
We distinguish our holding here from cases holding that a defendant's probation cannot be revoked for violating an invalid condition of probation. See Cheney, 640 So.2d at 104; White v. State, 606 So.2d 1265 (Fla. 1st DCA 1992). Although defendant's total term of probation was in excess of the statutory maximum, he was serving the legal portion of the term when the violations occurred and the violations were unrelated to the illegality.
We note that the fifth district in Taylor v. State, 690 So.2d 686 (Fla. 5th DCA), review granted, No. 90,439, 22 Fla. L. Weekly No. 26, p. ii, ___ So.2d ___ (Fla. June 27, 1997), acknowledged conflict with Jackson. In Taylor, the defendant, like defendant here, violated his probation during the legal portion of the sentence. Taylor reasoned that a defendant is "estopped to assert the illegality of the sentence after he has knowingly taken advantage of its benefits." Id. at 686. While we agree with Taylor's result, we disagree with the fifth district's reasoning.
The cases Taylor relies upon involved plea bargains where the defendant had taken advantage of the benefits of the plea bargain. See, e.g., Warrington v. State, 660 So.2d 385 (Fla. 5th DCA 1995)[1]; Gaskins v. State, 607 So.2d 475 (Fla. 1st DCA 1992). Our own district acknowledges the principle of estoppel. See Cheney. However, neither Taylor, Jackson, nor this case involved plea bargains; therefore, the principle of estoppel is inapposite.
Moreover, the principle of estoppel cited in Taylor has limitations. Even with a *1308 defendant's assent, the court is without jurisdiction to impose a sentence in excess of the statutory maximum. See Cheney, 640 So.2d at 105; Reed v. State, 616 So.2d 592, 593 (Fla. 4th DCA 1993).
Nevertheless, the fact that a court is without jurisdiction to impose a sentence in excess of the statutory maximum does not mean that the court is without jurisdiction to find a violation that occurred while the defendant was serving the legal portion of a probationary sentence. As long as a violation occurs during the legal portion of a probationary sentence, the error in the illegal portion of the sentence is harmless.

CASE NO. 92-1255
Defendant argues that the sentence imposed in case number 92-1255 was in violation of subsection 948.01(6), Florida Statutes (1993), which precludes a time gap between incarceration and probation in a probationary split sentence. Horner v. State, 617 So.2d 311 (Fla.1993), which explains the application of subsection 948.01(6), is dispositive. Because the sentence defendant was serving at the time of the new violations was not interrupted pursuant to Horner, the sentence imposed in this case was not illegal.

SUFFICIENCY OF EVIDENCE
Defendant does not attack the sufficiency of the evidence that supported the violations arising from the burglary and sexual battery. We reject defendant's argument that the evidence was insufficient to support a violation arising from the charge of loitering.

OTHER VIOLATIONS
As to the failure to complete the Safe Space program, the state concedes that a finding of a violation of that condition should not have been included in the written order revoking probation because the state abandoned that claim at the time of the evidentiary hearing. As to the failure to attend AA meetings, the evidence showed only a failure to report, a condition of probation on which defendant was never instructed. The state concedes that the evidence was insufficient to support a violation as to the failure to attend AA meetings.
The trial court's oral findings make it apparent that it did not intend to find violations arising from the failure to complete the Safe Space program and the failure to attend the AA meetings. We are thus able to determine on this record that the trial court would have revoked defendant's probation and imposed the same sentences based on the burglary, sexual battery and loitering violations alone. See Kiess v. State, 642 So.2d 1141 (Fla. 4th DCA 1994); cf. Royster v. State, 691 So.2d 1196 (Fla. 4th DCA 1997), and cases cited therein. There was also substantial, competent evidence to support violations arising from the burglary, sexual battery and loitering, which unquestionably constitute violations substantial enough to warrant revocation and support the sentences imposed. See Kiess, 642 So.2d at 1141.

DISPOSITION
Accordingly, we affirm the sentences of imprisonment in case numbers 92-1253, 92-1255 and 94-1785. We remand with directions to strike the written finding of a violation of the Safe Space program condition in case numbers 92-1253 and 92-1255, and the violation for failure to attend AA meetings in case numbers 92-1253 and 94-1785. We further direct the trial court to correct the 1994 probationary sentence in case number 92-1253 by crediting defendant with the time previously served in jail, community control and probation. See Madrigal; Williamson.
STONE, C.J., and GLICKSTEIN, DELL, GUNTHER, WARNER, POLEN, FARMER, KLEIN, STEVENSON, SHAHOOD and GROSS, JJ., concur.
NOTES
[1] In Toro v. State, 676 So.2d 39 (Fla. 4th DCA 1996), we acknowledged conflict with Warrington v. State, 660 So.2d 385 (Fla. 5th DCA 1995), but not for the proposition upon which Taylor v. State, 690 So.2d 686 (Fla. 5th DCA 1997), relies.