702 So.2d 487 (1997)
David L. TAYLOR, Petitioner,
v.
STATE of Florida, Respondent.
No. 90439.
Supreme Court of Florida.
November 26, 1997.
Wm. J. Sheppard and Richard W. Smith of Sheppard and White, P.A., Jacksonville, for Petitioner.
Robert A. Butterworth, Attorney General and David H. Foxman, Assistant Attorney General, Daytona Beach, for Respondent.
GRIMES, Senior Justice.
We review Taylor v. State, 690 So.2d 686 (Fla. 5th DCA 1997), based on conflict with Cecil v. State, 614 So.2d 603 (Fla. 1st DCA 1993). We have jurisdiction under article V, section 3(b)(3) of the Florida Constitution.
Taylor was convicted of driving under the influence resulting in serious bodily injury, a third-degree felony. Because substantial restitution was required, without objection from Taylor and with the approval of the State, Taylor was sentenced to ten years' probation in lieu of prison. He did not appeal the sentence. Approximately six months later, Taylor violated his probation and was sentenced to prison for thirty-eight months. He appealed the revocation of his probation on the ground that his original ten-year probationary sentence was illegal because the statutory maximum for a third-degree felony is five years. The court below acknowledged that the original sentence was illegal to the extent that it exceeded the maximum statutory authority. However, because Taylor had violated probation during the first five years, the court concluded that he was estopped to assert the illegality of the sentence after he had knowingly taken advantage of its benefits.
The court below acknowledged conflict with Jackson v. State, 654 So.2d 234 (Fla. 4th DCA 1995), in which that court relied upon Cecil v. State, 614 So.2d 603 (Fla. 1st DCA 1993), to hold that a defendant may not have probation or community control revoked for violating a condition thereof while serving an *488 illegal sentence, regardless of whether the violation occurred within the "legal" portion of the sentence. The Fourth District Court of Appeal has recently receded from Jackson in upholding a probation revocation when the violation occurred during the legal portion of the sentence. Collins v. State, 697 So.2d 1305 (Fla. 4th DCA 1997). Thus, Jackson no longer provides a basis for our jurisdiction. However, Cecil did hold, without discussion, that a defendant who had been placed on probation in excess of the statutory maximum could not have his probation revoked even though the violation occurred within the period of time that the probation could have been legally imposed.
Taylor contends that the ten-year probationary sentence was void ab initio. However, if he had appealed the sentence, his only complaint could have been directed to that portion of the probationary term which exceeded five years. Because Taylor did not enter into a plea bargain, we cannot say that principles of estoppel are applicable. However, we agree with the court in Collins which stated:
A defendant who violates his probation should not be able to escape punishment when the violation occurs during the legal portion of the sentence and the violation is unrelated to that illegality. "Sentences which exceed the maximum permitted by law are considered void to the extent by which they exceed the statutory maximum". Cheney v. State, 640 So.2d 103, 105 (Fla. 4th DCA 1994) (citing Pahud v. State, 370 So.2d 66, 67 (Fla. 4th DCA 1979)) (emphasis supplied). Therefore, the "sentence is legal so far as it is within the provisions of the statute and only void as to the excess." Pahud, 370 So.2d at 67.
697 So.2d at 1307.
To accept Taylor's position would be contrary to logic and place form over substance. Because his violation occurred within the "legal" term of his probation, the probation was properly revoked.
We approve the decision below and disapprove Cecil to the extent it is inconsistent with this opinion.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, HARDING, WELLS and ANSTEAD, JJ., concur.