SCHEMER, Associate Judge
In this direct appeal, the appellant contends that his sentence for battery on a law enforcement officer was illegal because it exceeded the statutory maximum sentence of 5 years. On August 7, 1996, the trial court revoked and terminated the appellant’s sentence of community control which began April 22, 1996, and orally pronounced a sentence of 15 months jail followed by probation through April 21, 2001. Despite this oral pronouncement, the written order of probation reflects a sentence of 15 months jail followed by probation through August 21, 2001.[1] Since the sentence imposed by the trial court following the revocation of community control included a period of probation, the trial court must give credit for the time previously served on community control and the combination of new sanctions imposed together with the credit for community control must not exceed the maximum for the underlying offense. Waters v. State, 662 So.2d 332 (Fla.1995) Consequently, the sentence of 15 months jail plus approximately 45 months of probation [August 7, 1996 — April 21, 2001] plus 4 months credit for community control exceeds the maximum allowable sentence by 4 months.
In response, the state contends that this issue was not preserved for review under section 924.051, Florida Statutes, since the appellant did not file a 3.800(b) motion to correct the error. However when, as here, the error results in an illegal sentence, the error is fundamental and may be raised on appeal. See 924.051(3), Florida Statutes (Supp.1996); Sanders v. State, 698 So.2d 377 (Fla. 1st DCA 1997) (holding that “section 924.051, Fla. Statutes (Supp.1996) does not preclude an appellate challenge to an unpre-served error that constitutes fundamental error”). Accordingly, the appellant’s sentence for battery on a law enforcement officer is reversed and remanded to the trial court to resentence appellant within the statutory maximum.
Reversed and Remanded.
MINER and ALLEN, JJ., concur.

. Although we take no action on the following unpreserved errors, we point out for the benefit of the trial court which may wish to correct them that in addition to the error in the probation order, the following errors exist in the written judgment and sentence: 1) the offenses that appellant was convicted of are classified incorrectly; and 2) the sentence on all counts is listed as fifteen months in prison followed by five years probation which is a seventy-five month sentence rather than the sixly month (legal) sentence orally pronounced.