985 So.2d 1216 (2008)
Chad HILL, Appellant,
v.
STATE of Florida, Appellee.
No. 5D08-181.
District Court of Appeal of Florida, Fifth District.
July 11, 2008.
Chad Hill, Orlando, pro se.
Bill McCollum, Office of Attorney General, Tallahassee and Rebecca Roark Wall, *1217 Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
Chad Hill appeals an order denying his motion for additional jail credit filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Rule 3.800(a) provides a remedy for additional jail credit if the court records reflect an undisputed entitlement to additional credit. See State v. Mancino, 714 So.2d 429 (Fla.1998).
Hill was arrested on September 21, 2001, on Lake County charges, and ultimately pled no contest to strong arm robbery on September 3, 2002. He was sentenced on that date to two years community control to be followed by ten years of probation.
On March 15, 2005, Hill was detained in Citrus County on unrelated charges and was subsequently charged with violating his probation in Lake County. He was later returned to Lake County where his probation was revoked and he was sentenced to 60 months incarceration. As a term of his plea agreement, Hill was to receive credit on the Lake County sentence for all time served, including the time that he was held in Citrus County. He was awarded 861 days credit.
Hill claims that from the time of his arrest on the Lake County charges on September 21, 2001, he was continuously incarcerated in the Lake County jail until his sentencing, which occurred on September 3, 2002. If Hill is correct, this period of time was not included in the 861 days of jail credit that was awarded by the trial court after Hill's probation was revoked.
The circuit court did not conclusively refute this claim for additional credit. The court referred only to the written plea agreement, where it was agreed that Hill would receive credit for all time served, including time served in Citrus County from March 15, 2005, to the present. The circuit court seems to interpret that term of the written plea as if Hill agreed only to receive credit from March 15, 2005. Hill, though, did not specifically waive credit for any time served prior to March 15, 2005. Although a defendant can waive jail credit as a condition of a plea, the waiver must be knowing and affirmatively appear as a condition of the plea agreement. See Davis v. State, 968 So.2d 1051 (Fla. 5th DCA 2007) (where written plea agreement stated that jail credit would be 1,531 days, that statement was not conclusive evidence that appellant knowingly and voluntarily waived jail credit to which he would be entitled); Briggs v. State, 929 So.2d 1151 (Fla. 5th DCA 2006) (jail credit is mandatory unless record clearly shows that defendant waived his entitlement to such credit); Reed v. State, 810 So.2d 1025 (Fla. 2d DCA 2002) (court records must establish defendant's clear intent to waive a portion of his accrued jail time); Silverstein v. State, 654 So.2d 1040 (Fla. 4th DCA 1995). No such waiver appears in this case, as a term of the plea agreement called for "all time served." At the plea hearing, there was no waiver of any jail credit expressed on the record. Defense counsel summarized the agreement as "sixty months Department of Corrections. Credit for all time served, concurrent with the Citrus County case...." There was no agreement that Hill would receive 861 days of jail credit, and waive any credit for time served in 2001-02, prior to his initial plea. The order denying relief is reversed, and the case remanded to the circuit court for further proceedings consistent with this opinion.
REVERSED and REMANDED.
PALMER, C.J. GRIFFIN and PLEUS, JJ., concur.