LAWSON, J.
 

 David A. Canada appeals the summary denial of his rule 3.800(a)
 
 [1]
 
 motion to correct sentence. Canada’s motion alleged that he was improperly denied jail credit when sentenced to prison for violating the terms of his community control and that his entitlement to jail credit is apparent on the face of the record. In denying Canada’s motion, the trial judge attached documents showing only that Canada waived credit for any prior prison time as part of his plea agreement. Because the record attachments do not show that Canada also waived jail credit, we reverse.
 

 Canada was originally sentenced to three years in prison, followed by eighteen months of probation, on a charge of failure to redeliver leased property. Upon his release, Canada violated the terms of his probation and was then given another chance at community supervision and placed on community control. When Canada violated the terms of his community control, he entered a plea pursuant to which he agreed to a new term of one year and one day in state prison, with no credit against this sentence for time served on his earlier three-year prison sentence on this charge. On this record, it appears that the plea agreement was silent as to jail credit. The record also reflects that Canada did spend time in jail after his release from prison, while awaiting the disposition on his probation and community control violations.
 

 To the extent that Canada is seeking credit for time that he spent in jail prior to his original three-year prison sentence, that time would have already been credited against the prior prison term and thereby subsumed within that prison sentence. By waiving any credit for time served on his prior three-year prison sentence, Canada necessarily also waived the jail time previously credited against that sentence. The same, however, is not true of the time that Canada served in jail after his prior release from prison, while awaiting disposition of his community supervision violations.
 

 Entitlement to jail credit is a statutory right.
 
 See
 
 § 921.161(1), Fla. Stat. (2008). “Although a defendant can waive jail credit as a condition of a plea, the waiver must be knowing and affirmatively appear as a condition of the plea agreement.”
 
 Hill v. State,
 
 985 So.2d 1216, 1217 (Fla. 5th DCA 2008) (citations omitted). On remand, the trial court should either award Canada credit against his new prison sentence for the time he served in jail after release from his original prison sentence, or include as an attachment to any denial order documents which demonstrate Canada’s clear intent to waive credit for the jail time served while awaiting disposition of his community supervision violations.
 
 See Cheatum v. State,
 
 992 So.2d 877 (Fla. 5th DCA 2008).
 

 REVERSED AND REMANDED WITH DIRECTIONS.
 

 SAWAYA, J., and PLEUS, R., Senior Judge, concur.
 

 [1]
 

 . Fla. R.Crim. P. 3.800(a).