AMENDED OPINION
ORFINGER, J.
William T. McLeod seeks review of the trial court’s summary denial of his motion seeking additional jail credit filed pursuant to Florida Rule of Criminal Procedure 3.800(a). The issue that we address is whether a defendant can, as part of a plea agreement, waive jail credit, which results in the defendant serving a term of imprisonment that exceeds the statutory maximum for the offense that he committed. We conclude that such a sentence is illegal and reverse the order under review.
McLeod’s original sentence for a third-degree felony included a period of probation.[1] The maximum sentence allowed by law for a third-degree felony is a term of imprisonment not to exceed five years. See § 775.082(B)(d), Fla. Stat. (2007). Following his second violation of probation, McLeod entered into a plea agreement with the State wherein he admitted his most recent violation in exchange for a five-year prison sentence, suspended upon the successful completion of five years of drugoffender probation. Included in the written plea agreement was the following language: “CTS from arrest on any future V.O.P.”[2] The trial court accepted the plea agreement and the agreed-upon sentence was imposed.
Not surprisingly, McLeod violated his probation yet again, and the court reimposed the previously suspended five-year prison term. The trial court awarded McLeod only 92 days of jail credit, apparently the amount of time that he spent in jail from the date of his most recent arrest to the date that his suspended sentence was reimposed. In his motion for additional jail credit, McLeod claims entitlement to a total of 318 days spent in the county jail awaiting the disposition of his various probation violations, and an additional 177 days for the time that he spent in a residential drug treatment facility. The trial court concluded that the language “CTS from arrest on any future V.O.P.” amounted to a waiver of all jail credit except for the 92 days that it awarded.
“[Although a defendant can waive jail credit as a condition of a plea, the waiver must be knowing and affirmatively appear as a condition of the plea agreement.” Canada v. State, 1 So.3d 338, 339 (Fla. 5th DCA 2009) (quoting Hill v. State, 985 So.2d 1216, 1217 (Fla. 5th DCA 2008)). We, however, do not view the statement “CTS from arrest on any future V.O.P.” as conclusive evidence that McLeod knowingly and voluntarily waived jail credit to which he would otherwise be legally entitled. Davis v. State, 968 So.2d 1051, 1052 (Fla. 5th DCA 2007). Consequently, reversal is required to allow the trial court to demonstrate that McLeod knowingly and voluntarily waived any jail *933 credit by providing a copy of the plea and sentencing transcript.
The issue of waiver notwithstanding, it appears that McLeod’s sentence exceeds the five-year maximum period set forth by law for the felony that he committed, and thus, constitutes an illegal sentence. See Henderson v. State, 720 So.2d 1121, 1122 (Fla. 4th DCA 1998). Even with a defendant’s agreement, a court is without jurisdiction to impose a sentence in excess of the statutory maximum. See Collins v. State, 697 So.2d 1305, 1307-08 (Fla. 4th DCA 1997). If McLeod served 318 days in jail prior to his various sentencing hearings (an allegation that the State does not contest), then his five-year prison sentence allowing only 92 days of jail credit will cause him to serve, in the aggregate, more than the five-year statutory maximum.[3]
For these reasons, we reverse the order denying McLeod’s motion for additional jail credit and conclude that a defendant may not, as part of a plea agreement, waive jail credit, which would result in the defendant serving a term of imprisonment that exceeds the statutory maximum for the offense committed.
REVERSED AND REMANDED.
TORPY and JACOBUS, JJ., concur.

. The record fails to disclose the sentence that McLeod originally received.

. "CTS” means credit for time served. "V.O.P.” means violation of probation.

. We reach this conclusion by beginning with McLeod’s five-year sentence, adding the 318 days served to it, and subtracting the 92 days of credit awarded. The net time of the sentence is five years and 226 days without regard to gain time.