PER CURIAM.
 

 Appellant, Keith Landry, challenges the trial court’s denial of his Florida Rule of Criminal Procedure 3.800(a) motion to correct an illegal sentence. Pursuant to Appellant’s negotiated plea of nolo conten-dere to the offense of second-degree murder,
 
 [1]
 
 the trial court sentenced him to seventeen years’ prison, followed by twenty-five years’ probation, with a three-year minimum mandatory for the use of a firearm. After his release from prison, he served over eight years of probation before committing a violation of probation. The trial court revoked his probation and imposed a sentence of twenty-five years’ prison with credit for time served, followed by ten years’ probation, and stayed the incarcerative portion of the sentence, placing Appellant on probation.
 

 Appellant’s original forty-two year sentence was a legal one under section 775.082(3)(a), Florida Statutes (1989), for a first-degree felony punishable by life.
 
 [2]
 
 His original sentence was a probationary split sentence and, following revocation of probation, the trial court was authorized to impose any sentence it could have originally imposed. § 948.06(2)(b), Fla. Stat. (2009);
 
 see Franklin v. State,
 
 545 So.2d 851 (1989). Further, Appellant is es-topped from asserting the illegality of the sentence after he has knowingly taken advantage of its benefits.
 
 See Taylor v. State,
 
 690 So.2d 686, 686 (Fla. 5th DCA 1997).
 

 The trial court imposed a legal sentence following Appellant’s violation of probation and he is entitled to no relief regarding his original sentence. Accordingly, we affirm.
 

 AFFIRMED.
 

 MONACO, C.J., GRIFFIN and COHEN, JJ., concur.
 

 [1]
 

 . § 782.04(2), Fla. Stat. (1989).
 

 [2]
 

 . By virtue of a statutory anomaly, a person convicted of a life felony on or after October 1, 1983, and before July 1, 1995, was punishable "by a term of imprisonment for life or by a term of imprisonment not exceeding 40 years,” although one convicted of a first-degree felony punishable by life could receive a sentence exceeding forty years. § 775.082(3)(a)2., Fla. Stat. (2009).
 
 See Holloway v. State,
 
 668 So.2d 627, 629 (Fla. 5th DCA 1996) (citing
 
 Sterling v. State,
 
 584 So.2d 626 (Fla. 2d DCA 1991)).