COHEN, J.,
concurring.
Ms. Pippins entered into a written plea agreement in which she accepted an eighteen-month sentence with an eighteen-day credit for time served. Four months later, Ms. Pippins filed a sworn motion pursuant to Florida Rule of Criminal Procedure 3.801, asserting that she was entitled to an additional 116 days’ credit for time served and that she had not waived her entitlement to the credit. The trial court denied the motion, finding that the plea agreement “constituted a valid waiver of any additional credit” because it stated the amount of credit she was to receive.
On appeal, the issue is whether the term in the plea agreement that specified the number of days Ms. Pippins was to receive for time served is, on its face, sufficient to overcome her sworn allegation that she did not waive her entitlement to credit. I believe this to be a close call.
Rule 3.801 allows for the correction of a sentence if it does not adequately provide the defendant credit for his or her time served. See Fla. R. Crim. P. 3.801(a). The rule was enacted in 2013, and it encompasses motions that defendants formerly filed under either rule 3.800(a) or 3.850. See generally In re Amendments to the Fla. Rules of Criminal Procedure & Fla. Rules of Appellate Procedure, 132 So.3d 734 (Fla.2013).
Determining whether a defendant is entitled to a sentencing correction implicates competing principles. On the one hand, a defendant may waive jail credit during plea negotiations only if the waiver is knowing and voluntary. See, e.g., McLeod v. State, 58 So.3d 931, 932-33 (Fla. 5th DCA 2011) (citing Davis v. State, 968 So.2d 1051, 1052 (Fla. 5th DCA 2007)). Furthermore, an involuntary waiver can be a basis to set aside the plea. See Johnson v. State, 60 So.3d 1045, 1052 (Fla.2011). However, a defendant cannot unilaterally alter the terms of a previously negotiated plea agreement because this would deprive the State of a portion of its bargained-for exchange. See id.
The inclusion of a specific number of days of jail credit in a plea agreement does not conclusively refute a defendant’s allegation in a sworn motion that she did not waive additional credit for time served. A number of explanations may exist for its inclusion other than evincing an intent to waive additional time served to which the defendant would otherwise be entitled. Here, the plea agreement did not contain precise language expressly waiving Ms. Pippins’ entitlement to jail credit, nor do we have a transcript of a plea colloquy that reflects a waiver of additional time served. As we stated in Louis v. State, “When, as in this case, a factual dispute exists, and the files and records do not conclusively show [that] appellant is entitled to no relief, an evidentiary hearing is generally required.” 143 So.3d 452, 453 (Fla. 5th DCA 2014) (citing Fla. R. Crim. P. 3.850(f)).[1]
*667 On remand, the inclusion of the plea colloquy may or may not be sufficient to overcome Ms. Pippins’ sworn allegation in the rule 3.801 motion. If the colloquy is not sufficient, Ms. Pippins will be entitled to an evidentiary hearing under rule 3.801.

. Rule 3.850(f) was explicitly incorporated into rule 3.801. See Fla. R. Crim. P. 3.801(e).