DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TREVOR PACQUETTE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-2702

[June 8, 2016]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Jeffrey R. Levenson, Judge; L.T. Case Nos. 11-10006 CF10A, 11-14034 CF10A, 11-18584 CF10A, 12-5629 CF10A and 13-4872 CF10A.

Carey Haughwout, Public Defender, and Anthony Calvello, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.

CONCESSION OF ERROR

KLINGENSMITH, J.

Trevor Pacquette appeals from his conviction for violation of probation. He alleges sentencing errors pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). In each of his cases, the highest offense for which Pacquette was given probation was a third-degree felony, punishable by 60 months, or five years, in prison. In three of those cases, he was sentenced to 67.71 months in prison with credit for 531 days of time served for violating the terms of his probation.

This court has held that "[a] sentence which exceeds the statutory maximum for the offense may be raised at any time because such error is fundamental. . . . 'the court is without jurisdiction to impose a sentence in excess of the statutory maximum.'" *Henderson v. State*, 720 So. 2d 1121, 1122 (Fla. 4th DCA 1998) (quoting *Collins v. State*, 697 So. 2d 1305, 1307-08 (Fla. 4th DCA 1997)).

The State properly concedes that the trial court should resentence Pacquette in case number 11-14034 CF10A and case number 11-18584 CF10A. Because Pacquette's underlying crimes were third-degree felonies, using the correct computation with the formula on the scoresheet he could appropriately be sentenced to a prison term anywhere between 50.925 months and the statutory maximum of 60 months. The trial court erred by sentencing Pacquette to a term higher than the statutory maximum in those two cases.

Pacquette has not alleged error with the sentence of 67.71 months imposed in case number 13-4872 CF10A. However, the trial court committed fundamental error there as well because the underlying charge in that case was also a third-degree felony, punishable by not more than five years, or 60 months, in prison. We therefore reverse and remand case number 11-14034 CF10A, case number 11-18584 CF10A, and case number 13-4872 CF10A for resentencing.

*Reversed and Remanded for Proceedings Consistent with this Opinion.*

GROSS and DAMOORGIAN, JJ., concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***

2